(No. 80540

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. KIM TRUITT, Appellee.

*Opinion filed January 30, 1997.*

James E. Ryan, Attorney General, of Springfield, and Marshall E. Douglas, State's Attorney, of Rock Island (Barbara E. Preiner, Solicitor General, and Arleen C. Anderson and Steven R. Splitt, Assistant Attorneys General, of Chicago, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Verlin R. Meinz, Assistant Defender, of the Office of the State Appellate Defender, of Ottawa, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Defendant, Kim Truitt, is being prosecuted in the circuit court of Rock Island County for unlawful delivery of a controlled substance (720 ILCS 570/401 (West 1994)). The case has not yet gone to trial. The matter is before our court because the State disagrees with a pretrial ruling by the circuit court regarding how it will be required to prove that the subject material is a controlled substance. For the reasons that follow, we have concluded that this court has no jurisdiction to hear the State's appeal. The appeal is therefore dismissed.

In establishing its case against defendant at trial, the State hoped to avail itself of section 115—15 of the Code of Criminal Procedure of 1963 (725 ILCS 5/115—15 (West 1994)). That statute does not alter what the State is required to prove. It merely simplifies how the State may present its evidence by creating a limited exception to the normal hearsay rules.

Section 115—15(a) provides that laboratory reports from the Department of State Police, Division of Forensic Services and Identification, are admissible as *prima facie* evidence of the contents, identity and weight of the subject material in prosecutions for violation of ei-

ther the Cannabis Control Act (720 ILCS 550/1 *et seq.* (West 1994)) or the Illinois Controlled Substances Act (720 ILCS 570/100 *et seq.* (West 1994)). The need to adduce testimony from the person who actually performed the analysis is eliminated, provided that certain conditions are met.

Except in the case of preliminary or grand jury hearings, utilization of section 115—15's provisions requires the State to serve a copy of the laboratory report on the defendant's attorney (or on the defendant himself if he is unrepresented). 725 ILCS 5/115—15(b) (West 1994). The defendant or his attorney then has seven days from the date of receipt to demand that the State present the testimony of the person who signed the report. 725 ILCS 5/115—5(c) (West 1994). If no such demand is made, the report is admissible for the purpose of establishing the contents, identity and weight of the substance without the need for any additional foundation or testimony.

In the case before us, the State's Attorney duly served defense counsel with a copy of the laboratory report. When no demand for live testimony was made by the defendant or his attorney, the State's Attorney advised the court and defense counsel that he intended to rely on the laboratory report at trial without calling the chemist who prepared it, as section 115—15 permitted. On the motion of defendant's attorney, the circuit court then entered a pretrial order declaring that section 115—15 was unconstitutional and could not be invoked by the State to avoid presenting testimony from the person who analyzed the substance in question and prepared the report on it.

The State now seeks to appeal the circuit court's interlocutory order directly to our court. Defendant has challenged this court's jurisdiction to hear the case, and although we vacillated on the question before the case was taken under advisement, we have ultimately

concluded that defendant's jurisdictional challenge is meritorious.

Initially, the State claimed that we had jurisdiction pursuant to our Rule 302(a) (134 Ill. 2d R. 302(a)). That rule, however, does not apply to criminal appeals. 134 Ill. 2d R. 612. Once it realized this, the State next invoked Rule 603 (134 Ill. 2d R. 603), which provides:

> "Appeals in criminal cases in which a statute of the United States or of this State has been held invalid and appeals by defendants from judgments of the circuit courts imposing a sentence of death shall lie directly to the Supreme Court as a matter of right. All other appeals in criminal cases shall be taken to the Appellate Court."

The problem with reliance on this rule is that it was not intended to create an independent basis for appellate review. It merely specifies which court should hear a case that is otherwise appealable. Where, as here, the State takes issue with a nonfinal order entered by the circuit court in a criminal case, the threshold question of whether that order is appealable by the State is determined exclusively by Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)). See *People v. Young*, 82 Ill. 2d 234, 239 (1980).

Rule 604(a)(1) restricts the State's right to appeal in criminal cases to four situations. Under the rule, the State may appeal only from an order or judgment which has the substantive effect of (1) dismissing a charge for any of the grounds enumerated in section 114—1 of the Code of Criminal Procedure (725 ILCS 5/114—1 (West 1994)); (2) arresting judgment because of a defective indictment, information or complaint; (3) quashing an arrest or search warrant; or (4) suppressing evidence.

In this case, the State has finally understood the controlling effect of Rule 604(a)(1). It now claims that the circuit court's interlocutory order is appealable on the grounds that it falls within in the fourth category covered by the rule, suppression of evidence.

Before the State may obtain review of a pretrial sup-

pression order under Rule 604, the prosecutor must certify to the trial court that the suppression substantially impairs his ability to prosecute the case. *Young*, 82 Ill. 2d at 247. Such a certification was made here, and the State contends that this certification forecloses any further assessment of the order by this court and renders the order automatically appealable. We disagree.

In *Young*, 82 Ill. 2d at 247, this court did hold that it would not second-guess a prosecutor's good-faith evaluation of the effect of a suppression order on his case. *People v. Keith*, 148 Ill. 2d 32, 39-40 (1992). Before that principle even comes into play, however, the order must, in fact, be one that suppresses evidence. In making the threshold determination as to whether a pretrial evidentiary ruling constitutes a suppression order within the meaning of Rule 604(a)(1), this court does not defer to the parties or the trial court. As in all matters affecting our jurisdiction, we make our own assessment, looking at the substantive effect of the order rather than its form. See *People v. Phipps*, 83 Ill. 2d 87, 90-91 (1980).

In this case the circuit court's order does not have the effect of suppressing evidence. The order will not prevent any facts or opinions from being presented to the jury. From the record before us, it appears that its sole impact will be on the manner in which those facts and opinions are presented. Instead of being able to rely on a piece of paper, the State will have to present testimony from an actual witness. There is no way this can reasonably be viewed as a suppression. To the contrary, because the witness will be subject to cross-examination, the jury will almost certainly end up receiving a much more thorough explanation of the pertinent facts than the document alone could ever provide. In this sense, the circuit court's ruling may actually have the opposite effect of a suppression order.

Because the interlocutory order here does not suppress evidence and because it is not claimed to fall within any of the other provisions of our Rule 604(a)(1), the State has no right to appeal the order to this or any court of review. The State's appeal is therefore dismissed for lack of jurisdiction.

*Appeal dismissed.*