THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SUSAN C. SARGEANT, Defendant-Appellant.

First District (4th Division)    No. 1—96—4082

Opinion filed September 11, 1997.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Ann Benedek, and William D. Carroll, Assistant State's Attorneys, of counsel), for the People.

Katten, Muchin & Zavis, of Chicago (Ted S. Helwig and Orrin S. Shifrin, of counsel), for the People.

JUSTICE CERDA delivered the opinion of the court:

Defendant, Susan Sargeant, was charged with theft by unauthorized control and theft by deception of property in excess of $100,000

510

from her former employer, Graphic Approach, Inc. (Graphic). 720 ILCS 5/3—8 (West 1994). Defendant filed a motion *in limine* to bar the State's handwriting expert. After the trial court granted the motion, the State appealed pursuant to Supreme Court Rule 604(a)(1). 134 Ill. 2d R. 604(a)(1).

■ Rule 604(a)(1) allows the State to appeal a pretrial suppression order if the substantive effect of the trial court's order granting the defendant's motion *in limine* is to suppress evidence and the suppression substantially impairs the State's ability to prosecute the case. *People v. Truitt*, 175 Ill. 2d 148, 676 N.E.2d 665 (1997); *People v. Keith*, 148 Ill. 2d 32, 38, 591 N.E.2d 449 (1992); *People v. Young*, 82 Ill. 2d 234, 247, 412 N.E.2d 501, 507 (1980); 145 Ill. 2d R. 604(a)(1). Although *in limine* motions usually involve evidentiary matters, the substantive effect of the court's order, not the label of the motion, controls appealability under Rule 604(a)(1). *Keith*, 148 Ill. 2d at 38; *People v. Phipps*, 83 Ill. 2d 87, 90-91, 413 N.E.2d 1277 (1980).

■ To exercise its right of appeal, the State need only file a notice of appeal together with a certificate of impairment. *Young*, 82 Ill. 2d at 247; 145 Ill. 2d R. 604(a)(1). This court may rely on the good-faith evaluation of the prosecutor and need not second-guess the impact of the suppression order to determine appellate jurisdiction. *Keith*, 148 Ill. 2d at 39-40; *Young*, 82 Ill. 2d at 247; *People v. Krause*, 273 Ill. App. 3d 59, 61, 651 N.E.2d 744 (1995). Since the State filed the requisite certificate of impairment in this case, we have jurisdiction.

Defendant is a former employee of Graphic, which alleged that she wrote over 100 unauthorized checks on the company's corporate account, payable to herself, her husband, and her two children. According to defendant, she left Graphic because she became aware of unethical and fraudulent business practices being conducted by Graphic's president, Mike Neenan, who is the complaining witness in this case. After defendant left Graphic, she began operating Orion Offset, Inc., which competes with Graphic.

Shortly after Orion began operations, Neenan filed a criminal complaint alleging that defendant wrongfully appropriated money belonging to Graphic. According to the State, an accountant hired after defendant left Graphic discovered the alleged theft while conducting an audit of Graphic's books.

Neenan also filed a civil complaint against Orion and defendant, alleging that defendant wrongfully appropriated money belonging to Graphic, and defendant and Orion tortiously interfered with contractual relations between Graphic and its customers. In response, Orion filed a counterclaim alleging tortious interference with Orion's prospective business expectancies and violation of the Illinois

Consumer Fraud and Deceptive Business Practices Act. 815 ILCS 505/2 (West 1994). Defendant filed a counterclaim alleging intentional infliction of emotional distress arising from Neenan's sexual harassment of her. Subsequently, all parties to the civil lawsuit settled the civil matter and dismissed their claims against each other.

In the criminal case, defendant's theory of defense is in part that Neenan's baseless accusations are in retaliation for defendant challenging Neenan's fraudulent conduct and organizing a competing company. Defendant maintains that Neenan authorized her to use the money he now alleges she misappropriated.

During discovery in the civil case, defendant tendered a photocopy of a memo allegedly signed by Neenan confirming that authorization. In the criminal case, the State tendered an October 26, 1993, letter from James L. Hayes, a handwriting expert, to Gregory Adamski, one of the attorneys who represented Graphic and Neenan in the civil lawsuit. In his letter, Hayes stated:

> "Based upon the examinations and comparisons conducted, I am of the opinion that the questioned signature cannot be identified as having been made by [Neenan]. Characteristics within the questioned signature, such as tremorous line quality and movement variations, indicate the signature may be an attempt at simulation. Should the original questioned exhibit become available, I will need to conduct a further analysis."

■ Expert testimony that is probative and relevant should be allowed, and evidence is relevant where the fact or circumstances offered tend to prove or disprove a disputed fact or to render the matter in issue more or less probable. *People v. Brown*, 232 Ill. App. 3d 885, 898, 598 N.E.2d 948 (1992). An expert whose qualifications and experience give him or her knowledge that is beyond the knowledge of the average fact finder and whose testimony will aid, and not invade, the province of the fact finder in reaching its decision should be allowed to testify. *People v. Masor*, 218 Ill. App. 3d 884, 887, 578 N.E.2d 1176 (1991). While an expert witness may testify in terms of "could have" or "might have" (*County of Cook v. Industrial Comm'n*, 69 Ill. 2d 10, 18, 370 N.E.2d 520 (1977)), his opinion should not be admitted if it is inconclusive or speculative (*Wakeford v. Rodehouse Restaurants of Missouri, Inc.*, 223 Ill. App. 3d 31, 49, 584 N.E.2d 963 (1991)). In this case the handwriting expert's opinion was based on a photocopy of a writing sample and was inconclusive, tentative, and speculative. We do not know what his opinion would be if the original writing were to be examined.

■ As a result, in this case, Hayes's testimony was inadmissible. Because the trial court did not abuse its discretion, we are affirming

its suppression order. *People v. Hayes*, 139 Ill. 2d 89, 130, 564 N.E.2d 803 (1990); *Masor*, 218 Ill. App. 3d at 887-88.

Based on the foregoing, the circuit court order is affirmed.

Affirmed.

WOLFSON, P.J., and BURKE, J., concur.