(No. 88503.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. CHARLES C. DRUM, Appellee.

*Opinion filed November 22, 2000.—Rehearing denied January 29, 2001.*

Appellate citation: 307 Ill. App. 3d 743.

James E. Ryan, Attorney General, of Springfield, and C. Steve Ferguson, State's Attorney, of Charleston (Joel D. Bertocchi, Solicitor General, William L. Browers and Michael Hoard, Assistant Attorneys General, of Chicago, and Norbert J. Goetten, Robert J. Biderman and Thomas R. Dodegge, of the Office of the State's Attorneys Appellate Prosecutor, of Springfield, of counsel), for the People.

Stephen R. Ryan, of Mattoon, for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

Defendant, Charles Drum, was charged with first degree murder (720 ILCS 5/9—1(a) (West 1996)). The circuit court of Coles County denied the State's pretrial motion to admit certain hearsay statements at defendant's trial. See 725 ILCS 5/115—10.2 (West 1998). The State brought an interlocutory appeal to the appellate

court pursuant to our Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)). The appellate court dismissed the appeal for lack of jurisdiction. 307 Ill. App. 3d 743. We allowed the State's petition for leave to appeal. 177 Ill. 2d R. 315(a). We now reverse and remand for further proceedings.

## BACKGROUND

The State charged defendant; his brother, Thomas Drum; and their friend, Marcus Douglas with the first degree murder of the victim, Shane Ellison. Thomas and Marcus were tried separately. At their trials, Thomas and Marcus each testified in his own defense; each acknowledged that he was involved in the victim's murder; but each characterized his involvement as minimal and defendant's involvement as primary. Marcus testified at Thomas' trial, but Thomas refused to testify at Marcus' trial. Thomas and Marcus were each convicted of first degree murder.

Other than defendant, Thomas and Marcus were the only witnesses to the murder. Thomas and Marcus, respectively, through each of their counsel, indicated that they did not intend to testify at defendant's trial.

In pretrial motions, the State sought to admit the prior testimony of Thomas and Marcus at defendant's trial, pursuant to the statutory residual hearsay exception. 725 ILCS 5/115—10.2 (West 1998). At the close of a hearing, the trial court denied the State's motions.

Pursuant to our Rule 604(a)(1) (145 Ill. 2d R. 604(a)(1)), the State brought an interlocutory appeal from the denial of these motions to the appellate court, which held as follows:

"The State contends that we have jurisdiction pursuant to Supreme Court Rule 604(a)(1) [citation]. We disagree and instead hold that when (1) the State files a motion *in limine* that seeks the admission of evidence and (2) the trial court enters a discretionary ruling—that is, a ruling that we would normally review deferentially—denying that

motion, then (3) Rule 604(a)(1) does not confer jurisdiction on this court to hear an interlocutory appeal of that ruling." 307 Ill. App. 3d at 745.

Concluding that it lacked jurisdiction, the appellate court dismissed this interlocutory appeal. The State appeals to this court.

## DISCUSSION

As in *People v. Phipps*, 83 Ill. 2d 87, 90 (1980): "The issue on this appeal is very narrow. It is simply whether the State may take an interlocutory appeal from the trial court's pretrial order." At the outset, we note the following:

> "Under the 1970 Illinois Constitution, the final authority to prescribe the scope of interlocutory appeals by the State in a criminal case rests exclusively with this court [citation], and whether a particular order may be appealed depends solely upon our construction of our Rule 604(a)(1)." *People v. Young*, 82 Ill. 2d 234, 239 (1980).

The interpretation of a supreme court rule, like a statute, is a question of law that we review *de novo. In re Estate of Rennick*, 181 Ill. 2d 395, 401 (1998).

### I. Substantive Effect of Pretrial Order

The law is quite settled. Rule 604(a)(1) provides in pertinent part: "In criminal cases the State may appeal only from an order or judgment the substantive effect of which results in *** suppressing evidence." 145 Ill. 2d R. 604(a)(1). In *Phipps*, 83 Ill. 2d at 90-91, this court concluded that the State could bring an interlocutory appeal from a pretrial order, reasoning as follows:

> "In our recent decision in *People v. Young* (1980), 82 Ill. 2d 234, we held 'that Rule 604(a)(1) allows an interlocutory appeal by the State of a pretrial suppression order whenever the prosecutor certifies to the trial court that the suppression substantially impairs the State's ability to prosecute the case.' (*People v. Young* (1980), 82 Ill. 2d 234, 247.) The court stated that 'suppressed evidence' is to have a broader meaning than evidence which is illegally obtained.

(82 Ill. 2d 234, 242-43, 246.) Thus, the instant inquiry is whether the trial court's order could be considered to have *suppressed* evidence.

We think that in its substantive effect, rather than simply its form, the trial court's order in this case does operate to prevent evidence from being admitted." (Emphasis in original.)

Despite *Young* and *Phipps*, defendant relies on *People v. Van De Rostyne*, 63 Ill. 2d 364 (1976), in contending that, under Rule 604(a)(1), the State may not bring an interlocutory appeal from a pretrial order that excludes evidence. *Van De Rostyne* stressed the distinction between the "exclusion" of evidence and the "suppression" of evidence. That decision stated: "Rule 604 was not intended to give the State the right to an interlocutory appeal from every ruling excluding evidence offered by the prosecution." *Van De Rostyne*, 63 Ill. 2d at 368.

However, this court in *Young* concluded that "the State should be allowed to appeal from a pretrial suppression order which substantially impairs its ability to prosecute the case involved. To the extent that *Van De Rostyne* may be read to the contrary it is overruled." *Young*, 82 Ill. 2d at 247. The reasoning of *Young* has overruled *Van De Rostyne* on this point and allows the State to bring an interlocutory appeal from a pretrial evidentiary ruling that has the substantive effect of suppressing evidence. See, *e.g.*, *People v. Keith*, 148 Ill. 2d 32, 38-39 (1992); *People v. Kite*, 97 Ill. App. 3d 817, 822-23 (1981).

This court has repeatedly stressed that the substantive effect of a trial court's pretrial order, not the label of the order or its underlying motion, controls appealability under Rule 604(a)(1). See, *e.g.*, *People v. Truitt*, 175 Ill. 2d 148, 152 (1997); *Keith*, 148 Ill. 2d at 38-39. Four of the five districts of our appellate court have applied this conclusion. See, *e.g.*, *People v. Sargeant*, 292 Ill. App. 3d 508, 510 (1st Dist. 1997); *People v. Smith*, 248 Ill. App.

3d 351, 356-57 (2d Dist. 1993); *People v. Thompson*, 213 Ill. App. 3d 1027, 1029-30 (5th Dist. 1991); *People v. Keith*, 206 Ill. App. 3d 414, 416-17 (3d Dist. 1990), *aff'd*, 148 Ill. 2d at 38-39. Scholars have so recognized:

> "Following *Young* and *Phipps*, the appellate court has repeatedly entertained state appeals in which the order suppressing evidence was based on an evidentiary ground rather than a finding that the evidence was obtained illegally. These cases rejected defense claims that the *Young* holding should be limited to cases of constitutional or statutory violations or that it did not extend to rulings of mere exclusion of evidence." 2 R. Ruebner, Illinois Criminal Procedure § 7.13, at 7-36 (2d ed. 1997).

Courts in other jurisdictions are in accord. See, *e.g.*, *State v. Griffin*, 246 Kan. 320, 321-24, 787 P.2d 701, 703-04 (1990) (State may appeal from pretrial discretionary evidentiary ruling that has substantive effect of excluding evidence so as to substantially impair state's ability to prosecute case).

We note that in *Young* this court cited federal criminal procedure to support its holding. *Young*, 82 Ill. 2d at 248. The issue in this case is a nonissue under federal law (18 U.S.C. § 3731 (1994)). The federal government may bring an interlocutory appeal from a pretrial order that has the practical effect of excluding evidence, although not expressly doing so. 9A Federal Procedure Lawyers Edition § 22:1988, at 531 (1993); accord *United States v. Brooks*, 145 F.3d 446, 454 (1st Cir. 1998) (collecting cases) ("pretrial orders that have the practical effect of excluding material evidence at trial are appealable under section 3731, regardless of nomenclature"); see, *e.g.*, *United States v. Rodriguez*, 975 F.2d 404, 408 (7th Cir. 1992).

However, the appellate court in this case reached a contrary conclusion. After quoting from *Young*, the appellate court reasoned as follows:

> "[T]he supreme court did not intend to create unlimited appellate jurisdiction to hear the State's interlocutory ap-

peals from the sort of discretionary rulings that a trial court traditionally makes in determining whether evidence is 'otherwise probative° and admissible.' Instead, the supreme court in *Young* focused on the need to review trial court rulings, whether pursuant to statute or constitutional provision, that exclude evidence for reasons other than its evidentiary value. In other words, a distinction exists between traditional, discretionary rulings relating to the evidentiary value of proffered evidence on one hand and suppression of evidence in the furtherance of some social policy on the other hand." 307 Ill. App. 3d at 746.

We disagree. For the purposes of this aspect of Rule 604(a)(1), there is no substantive distinction between evidence that is "excluded" and evidence that is "suppressed." The reasoning of the appellate court in this case is contrary to *Phipps* and the other above-referenced authority. This court has already explained that "[t]he focus of the holding in *Young* is on the effect of the suppression order and not on the nature of the evidence suppressed." *People v. Carlton*, 98 Ill. 2d 187, 191, 193 (1983). This well-settled interpretation of *Young* permits "the State to take interlocutory appeals from *all* orders which substantially impair the prosecution of a case *without fitting those orders into neatly compartmentalized classifications*." (Emphasis added.) *Carlton*, 98 Ill. 2d at 193.

## II. The Present Case

Turning to the facts of this case, the trial court's order simply had the substantive effect of suppressing evidence. The State sought to admit the prior testimony of Thomas and Marcus at defendant's trial because they indicated that they would not testify. The trial court's order barred the use of this testimony; the evidence "is thus being 'suppressed' as of the moment." *Phipps*, 83 Ill. 2d at 91. Substantively, the trial court's order bars the use of this testimony at defendant's trial, regardless of whether the order is characterized as "excluding" the testimony or "suppressing" it.

Indeed, the trial court and the parties recognized the substantive effect of the court's order. The court concluded that the prior testimony of Thomas and Marcus did not meet the requirements of the statutory residual hearsay exception. In denying the State's motion to admit this testimony, the court ruled:

"I now conclude that the statements of Thomas *** and the statements of Marcus *** lack the equivalent circumstantial guarantees of trustworthiness, and so I am going to at this time exclude the transcripts as evidence, or if you will, I will suppress them as evidence. Is my ruling clear?"

The State and defense counsel each answered in the affirmative. Thus, the trial court and the parties believed that this pretrial order had the substantive effect of suppressing this evidence.

This case is distinguishable from our decision in *Truitt*. This court in *Truitt* concluded that the State could not appeal from a pretrial order regarding how it would be required to prove that certain material was an illegal controlled substance. The *Truitt* court reasoned that the pretrial order did not prevent any information from being presented to the jury. Rather, the sole impact of the order was on the means by which that information was presented. *Truitt*, 175 Ill. 2d at 152.

In this case, however, the trial court's order substantively bars the prior testimony of Thomas and Marcus; for the moment, the order prevents this information from being presented to the fact finder. Accordingly, the State may appeal therefrom under Rule 604(a)(1). Of course, we express no opinion as to the merits of the trial court's order.

## CONCLUSION

For the foregoing reasons, the judgment of the appellate court is reversed, and the cause is remanded to the

appellate court for further proceedings consistent with this opinion.

*Reversed and remanded.*