THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MELVIN TISDEL, Defendant-Appellant.

First District (4th Division)   No. 1—98—0393

Opinion filed March 31, 2003.

466

Rita A. Fry, Public Defender, of Chicago (Ira S. Sheffey, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William D. Carroll, and Eileen M. O'Neill, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

The facts of this case have been set forth in detail by our appellate court opinion, *People v. Tisdel*, 316 Ill. App. 3d 1143 (2000), and the supreme court's decision *People v. Tisdel*, 201 Ill. 2d 210 (2002).

Following a jury trial defendant, Melvin Tisdel, was convicted of first-degree murder and sentenced to 35 years in prison. We reversed defendant's conviction on the ground that the trial court should not have allowed the State's witnesses to testify concerning nonidentification lineups. We believed that this error was not harmless and could have had a significant impact on the jury's consideration.

Thereafter the supreme court reversed our decision and determined that the fact some of the eyewitnesses had viewed prior lineups which did not include the defendant and failed to identify anyone as the perpetrator was relevant in demonstrating the reliability of their subsequent identifications. *Tisdel*, 201 Ill. 2d at 220-21.

The supreme court also entered a supervisory order directing us to consider those issues raised by defendant but not reached in the appellate court's earlier opinion.

In the initial appeal, defendant raised issues that we did not address relating to (1) the prejudice resulting from the State's continued reference to defendant's codefendant (although the codefendant was not tried in the same case and no objections were made); (2) allowing pictures of lineups identifying the defendant to go to the jury during deliberation; and (3) a challenge to the effectiveness of trial counsel pursuant to *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984).

Additionally, defendant raised the issue of the trial court's exercise of its discretion in not allowing an expert witness to testify as to the latest scientific research regarding eyewitness testimony.

■ In that regard, we observed in our earlier opinion that numerous studies in the area of eyewitness psychology indicate that there is significant potential for eyewitness error and that jurors have misconceptions about the abilities of eyewitnesses. See 19 Am. Jur. Proof of Facts 2d *Pretrial Identification* 435 (1979 & Supp. 2000). There are two types of eyewitness identification expert testimony. The first dispels myths or attacks commonsense misconceptions about eyewitness identifications, such as the effects of stress and weapon focus on the accuracy of identifications. The second provides the jury with useful information about the kinds of mental factors involved in the identification process, such as the effect of time on the reliability of identifications, the forgetting curve, and problems with cross-racial identifications. W. Wolfson, *"That's the Man!" Well, Maybe Not: The Case for Eyewitness Identification Expert Testimony*, 26 Litig. 5, 6

(2000). Trial courts should carefully scrutinize the proffered testimony to determine its relevance—that is, whether there is a logical connection between the testimony and the facts of the case. Normally, expert testimony that is probative and relevant should be allowed. *People v. Sargeant*, 292 Ill. App. 3d 508 (1997). The trial court must also determine whether the proffered testimony would confuse or mislead the jury. We realize that other jurisdictions have formulated guidelines for trial courts to follow when considering whether to allow such testimony. See, *e.g., State v. Moon*, 45 Wash. App. 692, 726 P.2d 1263 (1986) (listing as factors, the identification of the defendant is the principal issue at trial, the presentation of an alibi defense and little or no other evidence linking the defendant to the crime). However, a trial court's decision to allow or exclude eyewitness identification expert testimony must be made on a case-by-case basis. Even where cross-examination of an eyewitness and an instruction are sufficient, allowing expert testimony may still be helpful to the trier of fact.

■ Defendant contends that Dr. Loftus's testimony should have been admitted because it would have aided the jury in reaching a more informed decision as to the credibility of the eyewitness testimony. We find that the trial court properly exercised its discretion under *People v. Enis*, 139 Ill. 2d 264 (1990). The record shows that the judge considered the reliability and potential helpfulness of the testimony, balanced the proffered testimony against cases in which this court has upheld the exclusion of such evidence, and found that the testimony would not assist the jury. See *United States v. Hall*, 165 F.3d 1095, 1106 (7th Cir. 1999). Additionally, the record establishes that defense counsel thoroughly cross-examined all of the eyewitnesses and that the trial court instructed the jury on the reliability of eyewitness identification. However, the trial court would not have abused its discretion had it allowed the testimony, given the facts of this case.

Next the defendant suggests that reference by the prosecution to Mark Robinson, the driver of the motor vehicle in which defendant was a passenger, "was irrelevant and directed the jury's attention away from a proper investigation of Mr. Tisdel's guilt."

■ We should first note that this issue has been waived by defendant's failure to object at trial or set out the alleged error in his posttrial motion. *People v. Enoch*, 122 Ill. 2d 176 (1988). It is difficult to imagine that such a reference seduced the jury from its proper obligations. It is also difficult to argue that this, if an error, rises to the level of plain error. Usually plain error is employed where there is a breakdown of the adversarial process and the evidence is closely balanced, or where the rights of a defendant have been affected. *People v. Keene*, 169 Ill. 2d 1 (1995).

Plain error is a limited and narrow exception to the waiver rule that may be invoked only where the evidence is so closely balanced that it might be said that the jury's verdict may have resulted from the error, or the error is so substantial that it deprived the defendant of a fair trial. *People v. Caffey*, 205 Ill. 2d 52, 103 (2001), citing *People v. Herrett*, 137 Ill. 2d 195, 209-10 (1990); *People v. Carlson*, 79 Ill. 2d 564, 576-77 (1980).

The State argues that the evidence here is not closely balanced and that the testimony of four eyewitnesses established defendant as the individual with a handgun and as the person who fired a shot killing the victim.

As we pointed out in our prior opinion, in denying the defendant's motion for a new trial or judgment notwithstanding the verdict, the trial judge stated that he " 'would have weighed the evidence differently *** and that he was not personally convinced based on the evidence that defendant was proven guilty beyond a reasonable doubt.' " *Tisdel*, 316 Ill. App. 3d at 1152.

Assuming *arguendo* that the evidence was clearly balanced, it is difficult to understand what prejudice, if any, the defendant suffered. The few comments relating to the driver of the motor vehicle in which defendant was a passenger related to the context of the crime and did not relate to the identity of defendant. It cannot be said that the jury's verdict may have resulted from this evidence. In any event, defendant waived this issue.

■ Defendant suggests that the trial court erred in allowing certain exhibits to go to the jury during its deliberation. The particular exhibits are photos of lineups that each of three witnesses, during their testimony, marked by placing an "X" over the head of the defendant as he appeared in the lineup photo and then initialing the bottom of the exhibit.

It is clear that, generally, admitting such photos and allowing them to make their way into the jury room is within the trial court's discretion and will not be overturned absent an abuse of such discretion. *People v. Greer*, 79 Ill. 2d 103 (1980); *People v. West*, 294 Ill. App. 3d 939 (1998).

Defendant argues that allowing such material to be given to the jury gave undue weight to the identification of defendant in a case where his identity has particular relevance since several witnesses did not identify defendant until sometime after the commission of the crime.

Defendant cites *People v. Mims*, 204 Ill. App. 3d 87 (1990), in support of his position. However, that case is easily distinguished on the facts, since it dealt with an unsigned, paraphrased confession that was

given to the jury rather than a photo in a lineup. It is clear that each of the witnesses could and did identify defendant as the "shooter" during his testimony. It is difficult to imagine that the photo identification had any greater impact than the direct identification of defendant during the witnesses' testimony.

Lastly, defendant challenges the effectiveness of trial counsel and suggests that defendant was denied his sixth amendment rights to adequate counsel under *Strickland* and *People v. Albanese*, 104 Ill. 2d 504 (1984).

■ In a *Strickland* argument, defendant must show that counsel fell below a standard of reasonableness and there is a "reasonable probability" that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

■ Defendant asserts that counsel's performance was below that standard in that she did not object when the State presented nonidentification testimony regarding defendant and did not object to the testimony regarding codefendant Robinson, the driver of the motor vehicle.

As to the first argument, our supreme court put that matter to rest in considering this case on appeal and allowing such testimony. *Tisdel*, 201 Ill. 2d at 213-16.

As to the issue regarding the codefendant, we have indicated here that even if defendant's counsel had made an objection, we would have affirmed the trial court's ruling with respect to such objection. Moreover, a review of the record demonstrates that defendant was more than adequately represented. Defendant's counsel presented motions to quash arrest, motions to suppress evidence, a motion to provide testimony for an expert regarding identification, and finally a motion to exclude identification testimony.

The record further evidenced vigorous cross-examination of the witnesses with respect to identification, the presentation of other witnesses, and a thorough closing argument, as well as appropriate post-trial motions.

Although defendant did not prevail, he appears to have had more than competent counsel.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

THEIS and QUINN, JJ., concur.