# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Crossley*, **2011 IL App (1st) 091893**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MARTHA CROSSLEY, Defendant-Appellee. |
| District & No. | First District, Third Division<br>Docket No. 1-09-1893 |
| Filed | December 7, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In the prosecution of defendant for DUI, the appellate court dismissed the State's appeal from the trial court's denial of the State's petition for an order certifying the keeper of the records of the hospital where defendant's blood was drawn as a material witness for the purpose of establishing that a trained phlebotomist drew defendant's blood under the supervision of a licensed physician and that a state trooper took the correct sample into custody for transportation to the State Police lab, since the order did not prevent the State from presenting any evidence at trial and the State could call the phlebotomist and the trooper to testify about the information included in the medical records, thereby satisfying the foundation requirements for admitting the blood-alcohol test results into evidence. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, Nos. 35271851, M9229879; the Hon. Patrice Ball-Reed, Judge, presiding. |
| Judgment | Appeal dismissed. |

| Counsel on Appeal | Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Susan Schierl Sullivan, and Veronica Calderon Malavia, Assistant State's Attorneys, of counsel), for the People. |
|---|---|
| | Abishi Cunningham, Jr., Public Defender, of Chicago (Michelle Hendrickson, Assistant Public Defender, of counsel), for appellee. |
| Panel | JUSTICE NEVILLE delivered the judgment of the court, with opinion. Presiding Justice Steele and Justice Salone concurred in the judgment and opinion. |

## OPINION

¶ 1    Martha Crossley suffered injuries in a car accident in Illinois on August 17, 2008. A state trooper found her at the scene of the accident and arranged transportation to take her to St. Margaret Mercy Hospital in Hammond, Indiana. Prosecutors charged Crossley with driving under the influence of alcohol and driving with a blood-alcohol concentration in excess of 0.08. See 625 ILCS 5/11-501(a)(2), (a)(1) (West 2008).

¶ 2    The State alleged that a phlebotomist at St. Margaret Mercy drew Crossley's blood after the accident and gave the blood sample to an Illinois state trooper for analysis in an Illinois police lab. The State claimed that the lab test showed a blood-alcohol level of 0.128. The State petitioned the court for an order certifying the keeper of records at St. Margaret Mercy as a material witness for the prosecution of Crossley. The State explained that it sought the medical records as a necessary step in proving that a trained phlebotomist drew the blood under the supervision of a licensed physician and the state trooper took the correct blood sample into custody for transportation to the Illinois State Police lab.

¶ 3    The trial court denied the petition to certify the keeper of records as a material witness. The State now appeals.

¶ 4                              ANALYSIS

¶ 5    The State asserts that Supreme Court Rule 604(a) (Ill. S. Ct. R. 604(a) (eff. July 1, 2006)) gives this court jurisdiction to consider the appeal. The rule permits this court to consider the State's appeal in a criminal case from an order suppressing evidence. *In re K.E.F.*, 235 Ill. 2d 530, 537 (2009). Crossley argues that we lack jurisdiction to consider this appeal because the trial court's order does not suppress any evidence. We review *de novo* the issue of whether this court has jurisdiction to hear the State's appeal. *K.E.F.*, 235 Ill. 2d at 538.

¶ 6    An order suppresses evidence "within the meaning of Rule 604(a)(1) when the trial

court's order 'prevents [the] information from being presented to the fact finder.' " *K.E.F.*, 235 Ill. 2d at 538 (quoting *People v. Drum*, 194 Ill. 2d 485, 492 (2000)). An order that only affects the means by which the State may present information does not suppress evidence, so this court lacks jurisdiction to consider appeals from such orders. *K.E.F.*, 235 Ill. 2d at 540.

¶ 7        In *K.E.F.*, the State sought to use K.M.F.'s out-of-court statements to prove that K.E.F. committed offenses against K.M.F. The trial court denied the motion to admit the out-of-court statements, holding that the State needed to first question K.M.F. in court about the alleged occurrences. The trial court clarified that it would admit K.M.F.'s prior statements into evidence after the State presented her live testimony. The State invoked Rule 604 as authority permitting the reviewing court to hear the State's appeal from the denial of its motion to use the out-of-court statements. Our supreme court held that it lacked jurisdiction to consider a similar appeal, because the trial court's order only required the State to present live testimony from K.M.F. The order did not effectively suppress information about what K.M.F. said K.E.F. did to her. *K.E.F.*, 235 Ill. 2d at 540.

¶ 8        The *K.E.F.* court analogized the case to *People v. Truitt*, 175 Ill. 2d 148 (1997), *overruled in part on other grounds by People v. Miller*, 202 Ill. 2d 328 (2002). In *Truitt*, the State sought to use a lab report to prove that the material it recovered from the defendant contained a controlled substance. The trial court denied the motion, thereby requiring the State to present live testimony to prove the chemical composition of the substance. Our supreme court held:

> "The order will not prevent any facts or opinions from being presented to the jury. From the record before us, it appears that its sole impact will be on the manner in which those facts and opinions are presented. Instead of being able to rely on a piece of paper, the State will have to present testimony from an actual witness. There is no way this can reasonably be viewed as a suppression." *Truitt*, 175 Ill. 2d at 152 (quoted in *K.E.F.*, 235 Ill. 2d at 539).

¶ 9        Here, the State admits that it can call the phlebotomist and the state trooper as witnesses to testify about most of the relevant information included in the medical records. The State asks us to distinguish this case from *K.E.F.* and *Truitt* because the State here does not know the name of the physician who supervised the phlebotomist, and medical privacy rules may prevent the phlebotomist from naming the physician. However, we see no law that requires the State to name the supervising physician, as long as the State can present admissible evidence that a physician supervised the phlebotomist. The State has not stated grounds for us to conclude that the phlebotomist could not present the requisite testimony. The State concedes that we should dismiss the appeal if the phlebotomist and the state trooper, along with personnel from the Illinois State Police lab, can present sufficient testimony to meet the foundation requirements for admitting the blood-alcohol test results into evidence.

¶ 10        We agree with Crossley that testimony from those witnesses could suffice to meet the foundation requirements for the evidence the State seeks to admit. Because the court's order does not prevent the State from presenting any evidence at trial, we dismiss the appeal.

¶ 11        Finally, the State argues that our order dismissing the appeal should estop Crossley from

objecting to the blood-alcohol test results on grounds that the supervising physician failed to testify to his credentials. We note that Crossley asserted the position in this appeal that the phlebotomist and the state trooper could testify to all the information the State sought to use from the medical records. We also note that Crossley's argument persuaded this court to grant Crossley the relief she sought, the dismissal of this appeal. The trial court should consider the estoppel effect of our decision if Crossley objects to the admissibility of the blood test on grounds inconsistent with the position she took in this appeal.

¶ 12        Appeal dismissed.