THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE WASHINGTON JONES, JR., Defendant-Appellant.

(No. 74-200;

Second District (2nd Division)—August 6, 1975.

Ralph Ruebner, Robert E. Davison, and Joshua Sachs, all of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendant, George Washington Jones, Jr., was indicted by a Kane County grand jury on counts of burglary with intent to commit rape and attempted rape. Following a jury trial defendant was found not guilty of burglary and guilty of attempted rape. He was sentenced to 2⅓ to 7 years' imprisonment. Defendant contends on appeal that the remarks of the prosecutor in his closing argument were improper and prejudicial and that a blood sample from defendant was obtained by an unlawful search and seizure.

■■ The record indicates that defendant's privately retained attorney did not object at trial or even in post-trial motions to any of the allegedly improper remarks made by the prosecutor. In such a case "*   *   * the irregularities now complained of are deemed to have been waived." (*People v. Dailey*, 51 Ill.2d 239, 243.) While prejudicial arguments not objected to may be considered on appeal if the result of those arguments is to deprive the defendant of a fair trial, the comments advanced by the prosecutor in the instant case are not of that nature. See *People v. Clark*, 52 Ill.2d 374; *Dailey*; *People v. George*, 49 Ill.2d 372.

Pursuant to Rule 413(a)(vii) the prosecutor sought a blood sample from defendant, which the court ordered. (Ill. Rev. Stat. 1973, ch. 110A, par. 413(a)(vii).) In support of the motion for the blood sample the prosecutor indicated to the court:

> "*   *   * that part of the State's evidence will consist of certain blood stains which were found and broken glass in the residence is involved, and there was a trail of blood outside the building, also blood stains found in the car registered in the name of the defendant's father. Also, certain blood stains found on his clothing."

Also, the same judge who granted this motion for a blood sample sat at the preliminary hearing and heard testimony from the officers at the scene that blood was found on the sill and remaining glass of a window through which the suspect had exited, that blood was found on defen-

dant's pants in his bedroom when he was arrested, that blood was found in the car from which defendant fled and that defendant had a lacerated left arm. Defendant was identified by the complaining witness at the preliminary hearing, as well as by the officers involved as the man who fled the scene.

■■■ A search warrant is ordinarily required for a blood sample. (*Schmerber v. California*, 384 U.S. 757, 16 L.Ed.2d 908, 86 S.Ct. 1826.) In *Schmerber*, the court found no unreasonable search and seizure where a policeman directed that blood be withdrawn from an individual suspected of being intoxicated, despite the individual's objection thereto. The court said that as there was probable cause to arrest the defendant for driving while intoxicated and the alcohol in the blood would diminish rapidly, the officer was justified in ordering the blood sample. The court in *Schmerber* emphasized that in a nonemergency situation, in order to invade the body of a suspect, a search warrant would have to issue from a neutral and detached magistrate. Rule 413 provides for a judge to make the decision that a defendant give a blood sample. The concern of *Schmerber* was vindicated in the instant case. Very ample probable cause was shown to the judge to justify the ordered blood sample. The order for production of a blood sample under rule 413, specifically made subject to constitutional limitations, is in essence the same as a search warrant. Defendant's right to be protected from an unreasonable search and seizure was well protected. See *People v. Turner*, 56 Ill.2d 201.

For the foregoing reasons, the judgment of the Circuit Court of Kane County is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and T. MORAN, J., concur.