No. 2--06--0060                                    filed: 8/22/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

|                                    |   |                              |
|------------------------------------|---|------------------------------|
| THE PEOPLE OF THE STATE OF         | ) | Appeal from the Circuit Court |
| ILLINOIS,                          | ) | of Lake County.              |
|                                    | ) |                              |
|    Plaintiff-Appellant, | ) | No. 05--CF--3717        |
|                                    | ) |                              |
| v.                                 | ) |                              |
|                                    | ) |                              |
| HOKE L. TURNER,                    | ) | Honorable                    |
|                                    | ) | Victoria A. Rossetti,        |
|    Defendant-Appellee. | ) | Judge, Presiding.         |

_____

_____

JUSTICE BYRNE delivered the opinion of the court:

Defendant, Hoke L. Turner, was indicted on three counts of aggravated criminal sexual abuse (see 720 ILCS 5/12--16(d) (West 2004)), based, in part, on the allegation that defendant committed an act of sexual conduct with the victim, who was at least 13 but under 17 years of age, in that defendant allowed the victim to place his hand on defendant's penis. While defendant was incarcerated and waiting for trial, the State obtained from a judge other than the presiding judge a search warrant to photograph defendant's penis. The State did not inform defense counsel of the warrant and defense counsel was not present during the photographing session. The presiding judge sanctioned the State for failing to follow Supreme Court Rule 413(b) (134 Ill. 2d R. 413(b)),

and barred the State from presenting evidence of the photographs or testimony from those individuals involved with the photographing session. The State appeals, contending that the trial court (1) erred in applying Rule 413(b); (2) abused its discretion in suppressing the evidence; and (3) erred by denying the State's alternative motion to obtain either photographic evidence or a medical examination of defendant. We affirm but find that we lack jurisdiction to address the State's last contention.

BACKGROUND

One week before trial began, the State, by its investigator, Mark Pleasant, obtained a search warrant from Judge Valerie Ceckowski, who was not the presiding judge. The warrant permitted Pleasant to photograph defendant's penis, in relation to evidence from the victim that defendant was circumcised. Pleasant submitted the following facts in his affidavit.

Pursuant to a pending investigation, Pleasant spoke with the victim, who told Pleasant that he became acquainted with defendant through a local church when he was approximately 13 years old, after his father had died; that, after meeting and getting to know defendant, they developed a father-son type of relationship; that he frequently spent time with defendant and defendant's family; and that defendant opened a bank account for him and gave him things, like clothing and a cell phone. The victim further told Pleasant that, during the course of their relationship, defendant and the victim confided to each other that they had been sexually abused when they were children. The victim stated that on occasion, he and defendant would kiss each other. On one occasion, when the victim was 16 years old, defendant placed his hand on the victim's penis and masturbated him to the point of ejaculation. On another occasion, the victim touched and masturbated defendant's

penis and defendant touched and masturbated the victim's penis. During this incident, the victim observed that defendant's penis was circumcised.

When Pleasant asked defendant's wife whether defendant was circumcised, she stated, "I think so...yeah...I'm pretty sure...yeah, I'm positive...it's a family tradition." Nowhere in Pleasant's affidavit did he indicate that the case was pending for trial.

Less than an hour after the warrant was issued, defense counsel appeared before Judge Ceckowski asserting that he had no notice of the application for the search warrant and objecting to the photographing of defendant's penis. Judge Ceckowski quashed the search warrant. However, two sets of photos, one from the front and the other from the side, already had been taken.

Defense counsel filed before the presiding judge, Judge Victoria Rossetti, a motion for sanctions and defense counsel averred that the State prepared the application for the warrant without notice to him and presented it to another judge, without counsel's presence. Counsel averred that in a telephone conversation with the prosecutor, he had objected to the issuance of the warrant and the photographing of defendant and that, despite this objection, the State continued to pursue the warrant. Counsel alleged that, during the photo session, defendant twice asked to have counsel present and was told that counsel was being made aware of the procedure, but the State made no attempt to contact him or secure his presence. Counsel stated that, when defendant objected to further photos being taken, he was threatened with being handcuffed or having additional individuals brought into the room to force him to comply, and he was subjected to degrading remarks made by the police officers involved. Defendant asserted that the episode violated his constitutional

right to counsel, as well as Supreme Court Rule 413 (134 Ill. 2d R. 413), which required that defense counsel be given notice and the chance to be present.

Before the hearing on the motion began, Judge Rossetti noted for the record that Judge Ceckowski called her after the search warrant had been issued and apologized for not knowing that the case had been set for trial in front of Judge Rossetti. Judge Rossetti stated that she told Judge Ceckowski to quash the warrant and send it to her. Judge Rossetti further stated that she received notice afterward that the warrant already had been executed.

Pleasant testified at the hearing that he had advised Judge Ceckowski that the case was pending for trial and that Pleasant knew that defendant was represented by counsel but did not tell the judge. The assistant State's Attorney conceded during her testimony that defense counsel was not given written notice of the warrant.

The court found that the supreme court rules of discovery had been violated, and it sanctioned the State by barring any evidence obtained during the photographing of defendant or testimony from those individuals involved with the session. However, the court would allow individuals who were not involved in the photographing session to testify at trial regarding defendant's circumcision.

After the State's motion for reconsideration was denied, the State asked to be heard on its previously filed "Motion for Defendant Photos or Medical Exam Evidence," in which it asked to conduct another photo session or, alternatively, a medical examination of defendant regarding his circumcision. The court denied the motion, stating that because it had sanctioned the State for failing to comply with discovery rules, it was "not appropriate

to undue [sic] what was done by asking permission to now do properly what was done improperly."

The State timely appeals. In the certificate of impairment filed in this court, the State certified that the suppression of evidence of defendant's circumcision obtained pursuant to the search warrant, the grant of defendant's motion for sanctions, and the denial of its motion for reconsideration substantially impair its ability to prosecute the case.

ANALYSIS

I

The State seeks to appeal the trial court's order suppressing evidence. Before addressing the State's first contention, we must consider defendant's argument that this interlocutory appeal should be dismissed for lack of jurisdiction. The State did not file a reply brief and therefore did not respond to this argument. Regardless, we conclude that defendant's jurisdictional challenge is not meritorious. The State's right of appeal is limited. Where the State takes issue with a nonfinal order entered by the trial court in a criminal case, the threshold question of whether that order is appealable is determined by Supreme Court Rule 604(a)(1) (Official Reports Advance Sheet No. 2 (January 18, 2006), R. 604(a)(1), eff. December 13, 2005). See People v. Young, 82 Ill. 2d 234, 239 (1980). Under Rule 604(a)(1), the State may bring an interlocutory appeal from "an order or judgment" that has the substantive effect of (1) dismissing a charge for any of the grounds enumerated in section 114--1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/114--1 (West 2004)); (2) arresting judgment because of a defective indictment, information, or complaint; (3) quashing an arrest or search warrant; (4) suppressing evidence; (5) decertifying a prosecution as a capital case on the grounds enumerated in section 9--

1(h--5) of the Criminal Code of 1961; or (6) finding that the defendant is mentally retarded after a hearing conducted pursuant to section 114--15(b) of the Code of Criminal Procedure of 1963. Official Reports Advance Sheet No. 2 (January 18, 2006), R. 604(a)(1), eff. December 13, 2005.

Before the State may obtain review under Rule 604 of a suppression order, the prosecutor must certify to the trial court that the suppression substantially impairs his or her ability to prosecute the case. Young, 82 Ill. 2d at 247. The State made such a certification here. However, this certification does not foreclose our assessment of the order or render it automatically appealable. See People v. Truitt, 175 Ill. 2d 148, 152 (1997).

In Young, 82 Ill. 2d at 247, the supreme court held that it would not second-guess a prosecutor's good-faith evaluation of the effect of a suppression order on his or her case. However, before that principle even comes into play, the order must, in fact, be one that suppresses evidence. Truitt, 175 Ill. 2d at 152. Defendant contends that the order does not suppress evidence and that, therefore, the State does not have the right to appeal. We disagree.

In Truitt, the defendant was charged with unlawful delivery of a controlled substance. Prior to trial, the State informed the trial court that it would prove that the substance was a controlled substance simply by presenting a laboratory report, without calling as a witness the chemist who prepared it, as then was permitted under section 115--15 of the Code (725 ILCS 5/115--15 (West 1994)).[1] The trial court found section 115--15 to be unconstitutional and ordered that the State would have to call the chemist to testify. The State appealed

---

[1] The procedure has since been ruled unconstitutional, in People v. McClanahan, 191 Ill. 2d 127 (2000).

from the court's order, claiming that the order had the effect of suppressing evidence. The supreme court rejected the claim, finding that the order did not prevent any facts or opinions from being presented to the jury; rather, "it appears that its sole impact will be on the manner in which those facts and opinions are presented." Truitt, 175 Ill. 2d at 152. Instead of being able to rely on a piece of paper, the State would have to present testimony from an actual witness. Truitt, 175 Ill. 2d at 152. Because the interlocutory order did not suppress evidence, and the State had not claimed that the order fell within any of the other provisions of Rule 604(a)(1), the court held that the State had no right to appeal the order and, therefore, dismissed the appeal for lack of jurisdiction. Truitt, 175 Ill. 2d at 153.

Defendant argues that the order appealed from here does not fall within the ambit of Rule 604, because it does not have the effect of suppressing all evidence that defendant is circumcised. In Truitt, the evidence was not suppressed, because the State was able to present through witness testimony the identical facts contained in the laboratory report. In fact, because the witness would be subject to cross-examination, the jury would receive a "much more thorough explanation of the pertinent facts than the document alone could ever provide." Truitt, 175 Ill. 2d at 152. The trial court's order here, however, does not have the same effect. Although the State can present other evidence regarding whether defendant is circumcised, there is no indication that it has any other evidence that will establish that fact with the same definitiveness. Thus, we conclude that the order suppresses evidence.

Defendant argues alternatively that this appeal should be dismissed because the State is not substantially impaired in its ability to prosecute the case. A good-faith evaluation by the prosecutor of the impact of a suppression order is sufficient to meet the

State's burden.  People v. Keith, 148 Ill. 2d 32, 40 (1992); Young, 82 Ill. 2d at 247.  In Young, the Illinois Supreme Court stated:

"[W]e rely solely upon the good-faith evaluation by the prosecutor of the impact of the suppression order on his case.  *** [W]e believe that the State's need to allocate its heavily taxed resources in the most productive manner will naturally limit appeals to those orders which substantially impair its ability to prosecute its case." Young, 82 Ill. 2d at 247-48.

We also will rely on the good-faith evaluation by the prosecutor.  Accordingly, we find that we have jurisdiction regarding the trial court's suppression order.

II

We turn now to the State's contention regarding the propriety of the suppression order.  The State contends that the trial court erred in suppressing for failure to follow Rule 413 the evidence of the observations and photos of defendant's penis, because the evidence was, in effect, legally obtained with a search warrant pursuant to section 108--4 of the Code (725 ILCS 5/108--4 (West 2004)).  We therefore must decide whether the circumstances in this case fall within Rule 413, which governs pretrial discovery in criminal cases, or within section 108--4, which governs the issuance of search warrants.  Because the issue involves the interpretation of law, including the construction of a statute and supreme court rules, our review is de novo.  Robidoux v. Oliphant, 201 Ill. 2d 324, 332 (2002).

A brief overview of the law is necessary.  Rules 413(a)(iv) and (a)(ix), respectively, provide that, notwithstanding the initiation of judicial proceedings and subject to constitutional limitations, a judicial officer may require the accused, among other things, to

pose for photographs not involving reenactment of a scene and to submit to a reasonable physical or medical inspection of his body. 134 Ill. 2d Rs. 413(a)(iv), (a)(ix). Rule 413(b) further requires that, whenever the personal appearance of the accused is required for any of the foregoing purposes, reasonable notice of the time and place of such appearance must be given by the State to the accused and his counsel, who shall have the right to be present. 134 Ill. 2d R. 413(b).

Although both Rule 413 and section 108--4 authorize evidence gathering and require a judge to find probable cause before authorizing evidence-gathering procedures (see People v. Jones, 30 Ill. App. 3d 562, 564 (1975)), section 108--4 does not require the State to provide notification of its intent to obtain evidence through the physical presence of the defendant, or to provide counsel the opportunity to be present when the State obtains the evidence from the defendant. See 725 ILCS 5/108--4 (West 2004).

The State maintains that it has found little authority concerning the "interplay between the issuance of search warrants and the applicable Supreme Court Rules regarding discovery in criminal cases." The State maintains that no specific mention is made in either the applicable rules or the statutes that the issuance of a warrant is either governed by discovery or barred postindictment. The State asserts that the use of a search warrant is a separate and distinct alternative regarding preparation of the State's case, even postindictment. We find the State's argument unavailing.

The State fails to mention that Supreme Court Rule 411 (188 Ill. 2d R. 411) requires that the supreme court rules regarding criminal discovery "shall" be applied in all criminal cases "wherein the accused is charged with an offense for which, upon conviction, he might be imprisoned in the penitentiary." The period between arraignment and trial is the most

critical period of the proceedings during which the accused "requires the guiding hand of counsel." Powell v. Alabama, 287 U.S. 45, 69, 77 L. Ed. 158, 170, 53 S. Ct. 55, 64 (1932). The notice requirement of Rule 413 is aimed at insuring that defendants will not be deprived of counsel during that period. The committee comments appended to Rule 413 suggest that such is the rationale. See also People v. Davis, 106 Ill. App. 3d 260, 262 (1982). Clearly, at the time the State executed the search warrant here, Rule 413 applied and the State should have given timely notice and provided counsel with the opportunity to be present at the photographing session.

In People v. Treece, 159 Ill. App. 3d 397 (1987), we held that the State properly obtained a blood sample from the defendant in compliance with Rule 413(a)(vii), although it had not obtained a search warrant, which the defendant argued was necessary. Citing People v. Jones, 30 Ill. App. 3d 562, 564 (1975), we observed that Rule 413(a)(vii) can be used following indictment or information to obtain a blood sample from a defendant, without resort to a search warrant. Jones held that, where probable cause is shown to justify an order for a blood sample, an order under Rule 413(a) is, in essence, the same as a search warrant, and the defendant's right against unreasonable search and seizure is well protected. We further noted that, in People v. Turner, 56 Ill. 2d 201, 208 (1973), our supreme court upheld the grant of a motion requiring the defendant to permit a blood sample to be taken. In that case, the blood sample was taken prior to the adoption of Rule 413; however, the court held that the procedure followed had "provided adequate safeguards of defendant's rights." In Treece, we concluded that, where probable cause is shown to justify a court order pursuant to Rule 413(a)(vii) requiring an accused to submit to

the withdrawal of blood and other body materials, no warrant is required. Treece, 159 Ill. App. 3d at 408.

In People v. Nichols, 63 Ill. 2d 443 (1976), the defendants were taken from their cells and photographed one evening during the course of jury selection. The defense attorneys were not notified of the photographing and were not present when it occurred. Although Rule 413 was not in effect then, the supreme court held that the State's behavior constituted an improper interference with the defendants' right to counsel. Nichols, 63 Ill. 2d at 449.

In support of its argument, the State relies on State v. Carter, 185 N.J. Super. 576, 449 A.2d 1362 (1982), wherein the court held that a postindictment photographic lineup, held without the presence of the defendant's attorney, did not violate the defendant's sixth amendment rights. The court acknowledged the Supreme Court's holding that an accused is entitled to counsel at any critical stage of the prosecution, that a postindictment physical lineup is such a critical stage, and that the failure to inform counsel requires the exclusion of evidence of such identification. Carter, 185 N.J. Super. at 579, 449 A.2d at 1364, citing United States v. Wade, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S. Ct. 1926 (1967). However, the court noted the substantially significant distinction between a physical lineup and a photographic display, where an accused would not be foreclosed at trial from an effective cross-examination of an identification witness simply because his counsel was not present at the photographic display. Carter, 185 N.J. Super. at 579, 449 A.2d at 1364-65.

The present case does not involve a photographic display containing a picture of the accused for the purpose of allowing a witness to attempt identification of the offender in the absence of counsel. This case involves the taking of physical evidence from the accused

in the absence of counsel. Here, unlike in <u>Carter</u>, Rule 413 required that counsel be given the opportunity to render assistance and to counterbalance any overreaching by the prosecution.

Based on the cases cited, we conclude that, in cases such as the present one, the State must comply with the supreme court criminal discovery rules. Although both the search warrant statute and the rule authorize evidence gathering and require a judge to find probable cause before the authorization is granted, if the State obtains a search warrant for the purpose of gathering the type of evidence enumerated in Rule 413(a) after the accused has been formally charged with a felony, the State must comply with the additional requirements set forth in Rule 413(b) of notice and the right of counsel to be present. Rule 413 was applicable here, and the State failed to comply with its requirements.

III

Alternatively, the State contends that if Rule 413 was violated, the trial court abused its discretion in preventing the State from presenting at trial the photos or testimony of those involved in the photographing session. However, the trial court will allow evidence regarding defendant's circumcision if it did not come from the execution of the search warrant.

Supreme Court Rule 415(g)(i) (134 Ill. 2d R. 415(g)(i)) permits the trial court to exclude evidence obtained in violation of a discovery rule. The purposes of the discovery rules are to prevent surprise or unfair advantage by either party and to aid in the search for truth. <u>People v. Brooks</u>, 277 Ill. App. 3d 392, 397 (1996). Sanctions are intended to accomplish the purposes of discovery, not to punish the offending party, and the imposition thereof should not encroach on a party's right to a fair trial. <u>People v. Houser</u>, 305 Ill. App.

3d 384, 390 (1999). Further, sanctions should be fashioned to meet the circumstances of the particular case. People v. Damico, 309 Ill. App. 3d 203, 212 (1999). The determination as to an appropriate sanction for a discovery violation lies within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. People v. Mullen, 313 Ill. App. 3d 718, 736 (2000).

Illinois courts have stated that the sanction of excluding certain evidence is disfavored because it does not contribute to the goal of truth-seeking (People v. Hawkins, 235 Ill. App. 3d 39, 41 (1992)), and it is appropriate in only the most extreme situations (Houser, 305 Ill. App. 3d at 390). A trial court order excluding evidence as a sanction for a discovery violation will be closely scrutinized on appeal. People v. Scott, 339 Ill. App. 3d 565, 573 (2003).

The State contends that, since it is entitled pursuant to Rules 413 (a)(iv) and (a)(ix) to have either photographs or a medical examination of defendant, the trial court abused its discretion by imposing a sanction on the prosecution merely for choosing the wrong procedure. The State asserts that it did nothing untoward and did not attempt to circumvent the rules, the trial court, or opposing counsel. It also asserts that little prejudice will result to defendant if the photographs are admitted, due to the nature of the evidence. Further, the State maintains that the rules of criminal discovery are aimed toward the truth-seeking process, as well as avoiding "trial by ambush" (see Scott, 339 Ill. App. 3d at 571), and that the prosecutor's actions here were wholly consistent with the purpose and spirit underlying the rules.

In choosing a sanction, the trial court must evaluate the strength of the evidence involved, the likelihood that compliance with the rule would have helped the defense

discredit the evidence, and the willfulness of the State's violation. People v. Heinzmann, 232 Ill. App. 3d 557, 560 (1992). Here, proof that defendant is circumcised would not provide meaningful corroboration for the victim's claim that he and defendant touched each other's penises. The ultimate fact question is whether defendant and the victim engaged in sexual conduct. Moreover, as defendant points out, the victim stated that he and defendant had known each other approximately three years before the charges were brought and had developed a father-son type of relationship. Because the victim frequently spent time with defendant and defendant's family, he might have had an opportunity to see defendant under circumstances that had nothing to do with sexual conduct. Additionally, circumcision is not an unusual or distinguishing feature in today's society. Thus, while proof that defendant is not circumcised might undermine the State's case, proof that defendant is circumcised will not support an inference of guilt.

Furthermore, the trial judge did not ban all proofs regarding defendant's circumcised state. She merely prohibited the State from using the photos or testimony from those involved in the execution of the warrant. Other evidence of the circumcision still can be presented at trial, including testimony from the victim and defendant's wife, hospital records made at the time of defendant's birth, or even a stipulation from defendant.

In addition, while the State claims that its choice to obtain a search warrant from a judge other than the presiding judge "clearly was not an attempt to try to do something 'sneaky' in order to circumvent the criminal discovery rules," we question the State's intentions. The State obtained the search warrant from a judge other than the one it knew was assigned to the case. The State also should have been aware of the applicable discovery rules, as defendant had been indicted.

We further question Investigator Pleasant's intentions. He averred that he had numerous years of experience specializing in child sexual abuse cases, yet, he failed to ask the prosecutor whether it was permissible to take the complaint for warrant to a judge other than the presiding judge. He also claimed under oath that he informed Judge Ceckowski that this case was pending before Judge Rossetti, but Judge Rossetti's account of her conversation with Judge Ceckowski contradicts his claim.

We agree with defendant that the photo session was inherently intrusive, degrading, and humiliating. Pleasant admitted during the hearing that, at one point in the session, defendant told him that he had been embarrassed enough and pulled up his pants, only to be threatened with force if he did not allow more photos to be taken. Pleasant also admitted that, upon being threatened, defendant asked to talk to his attorney. However, Pleasant did not stop the session and call defense counsel. Instead, he told defendant that counsel "was being made aware" of the photo session, thereby insinuating that counsel knew what was happening and approved of it, which was not the case.

When a violation is a failure to disclose information in a timely fashion, a recess or a continuance is the preferred sanction, as it protects the injured party from the consequences of surprise or prejudice. People v. Leon, 306 Ill. App. 3d 707, 713 (1999). Here, however, defendant was prejudiced by the State's actions, and such other possible sanctions simply were not appropriate or were no longer feasible to cure the error. A display of the photos at trial, rather than a presentation of other witnesses' testimony or a stipulation, which the trial court did not suppress, would be a far more startling and inherently inflammatory way to prove that defendant is circumcised. Accordingly, we find that the trial court did not abuse its discretion.

IV

The State last contends that the trial court erred in denying its motion, pursuant to Rule 413, to take photos of defendant's penis or have medical personnel examine defendant to determine if he is circumcised. Defendant counters that this issue is beyond the scope of the State's notice of appeal and its certificate of impairment and that, therefore, we lack jurisdiction to address it. Indeed, the State does not specify in its notice of appeal or in the certificate of impairment that it is appealing the order denying the motion.

Even if the State had specified the motion in the notice of appeal or in the certificate of impairment, we still could not address the State's final issue. As we stated above, when the State takes issue with a nonfinal order entered by a trial court in a criminal case, the threshold question of whether that order is appealable is determined by Rule 604(a)(1). The trial court did not suppress evidence in denying the State's motion; it simply denied the motion. Nor did the trial court's order fall under any of the other grounds in Rule 604(a)(1). Official Reports Advance Sheet No. 2 (January 18, 2006), R. 604(a)(1), eff. December 13, 2005. Thus, the State may not appeal from that order. Based on the foregoing, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

GROMETER, P.J., and KAPALA, J., concur.