# Illinois Official Reports

## Appellate Court

---

### *People v. Spicer*, 2019 IL App (3d) 170814

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. MICHAEL E. SPICER, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-17-0814 |
| Filed | March 7, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Rock Island County, No. 17-CF-492; the Hon. Frank R. Fuhr, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | John L. McGehee, State's Attorney, of Rock Island (Patrick Delfino, David J. Robinson, and Nicholas A. Atwood, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.<br><br>James E. Chadd, Peter A. Carusona, and Adam N. Weaver, of State Appellate Defender's Office, of Ottawa, for appellee. |
| Panel | JUSTICE O'BRIEN delivered the judgment of the court, with opinion.<br>Presiding Justice Schmidt and Justice Wright concurred in the judgment and opinion. |

**OPINION**

¶ 1    After defendant Michael Spicer was arrested for unlawful possession of a controlled substance, the State moved to compel him to disclose the passcode for a cell phone that was found on him when he was arrested. The trial court denied the State's motion to compel, finding it would violate Spicer's fifth amendment right against self-incrimination. The State filed a certificate of impairment and appealed.

¶ 2                                                    FACTS

¶ 3    Defendant Michael Spicer was a passenger in a vehicle that was pulled over for a traffic stop. A second squad car arrived with a drug dog, which alerted on the vehicle. The officers searched the vehicle, where they found a prescription pill bottle containing cocaine inside a brown leather bag that was located on the floor of the passenger side where Spicer was sitting. He was arrested for unlawful possession of a controlled substance and later also charged with knowingly possessing cocaine with the intent to distribute.

¶ 4    A cell phone was found on Spicer's person when he was searched incident to arrest. Law enforcement could not access the contents of the phone because it was passcode protected, and they sought and received a search warrant for the phone. Spicer would not provide the passcode, and the State moved to compel the information. Spicer again refused, claiming that doing so would implicate his fifth amendment right against self-incrimination.

¶ 5    A hearing took place on the State's motion to compel. Grant Killinger, a Rock Island County sheriff's department deputy, testified. He was on patrol on June 24, 2017, and pulled over the vehicle in which Spicer was riding. A Rock Island city police officer and his drug dog joined him at the stop and conducted a free-air sniff of the vehicle. The dog alerted, and Killinger and the other officer searched the vehicle. They discovered a pill bottle filled with cocaine in a leather bag that was on the passenger floorboard. The leather bag also contained a scale with suspected cocaine residue and a box containing 20 plastic Baggies. Killinger searched Spicer and discovered a cell phone. Spicer admitted the phone belonged to him, but he would not provide the passcode to unlock it. Killinger seized the cell phone because he believed it had potential evidentiary value.

¶ 6    Rock Island County Sheriff's Department investigator Adam Moseley testified. He applied for the search warrant for Spicer's phone. In the supporting affidavit, Moseley attested drug traffickers commonly use their cell phones, including the global positioning system (GPS) and map applications, to further their unlawful conduct. The trial court issued the warrant, finding probable cause to search Spicer's phone for records of call logs, text messages, multimedia messages, instant messaging communications, voicemail, e-mail, any and all messaging applications, phonebook contacts, videos, photographs, Internet browsing and mapping history, and GPS data between May 24 and June 24, 2017. Moseley tried to search Spicer's phone but could not access it because it was passcode-protected. He was not provided the passcode. If Moseley had been given the code, he would have verified it by entering it into the phone.

¶ 7    The trial court took judicial notice of the search warrant and took the issue under advisement. It issued a written decision on November 8, 2017, denying the State's motion to compel. The court found that the State's request to order Spicer to unlock his phone or

provide the passcode implicated Spicer's right against self-incrimination protected by the fifth amendment. The court found the foregone conclusion exception did not apply because the State did not know what information was on the cell phone and merely maintained that it "probably" contained evidence it could use as support for the charges against Spicer. The State filed a certificate of impairment and appealed.

¶ 8                                    ANALYSIS

¶ 9     There are two issues on appeal: whether we lack jurisdiction and whether the trial court erred when it denied the State's motion to compel.

¶ 10    We first address the issue of jurisdiction. Spicer challenges this court's jurisdiction to hear the appeal, claiming the order that the State appealed was not a final order and did not serve to suppress evidence or dismiss a charge. The State asserts that jurisdiction is proper, as the trial court's denial of its motion to compel substantially impaired its ability to prosecute the case, satisfying the requirements to pursue an appeal.

¶ 11    The State may appeal in a criminal case in limited circumstances, including from "an order or judgment the substantive effect of which results in *** suppressing evidence." Ill. S. Ct. R. 604(a)(1) (eff. July 1, 2017). Before it may file an appeal, the State must also certify to the trial court that the suppression order substantially impairs its ability to prosecute the case. *People v. Turner*, 367 Ill. App. 3d 490, 494 (2006). The trial court may rely on the State's good faith evaluation of impairment when the State submits its certificate of impairment. *People v. Krause*, 273 Ill. App. 3d 59, 61 (1995). An order that prevents certain information from being submitted to the factfinder substantially bars the information and is appealable under Rule 604(a). *People v. Drum*, 194 Ill. 2d 485, 492 (2000). When a warrant has been issued allowing a search of a defendant's phone, an order that denies a motion to compel the defendant to decrypt the phone is like an order suppressing evidence. *State v. Stahl*, 206 So. 3d 124, 128 n.3 (Fla. Dist. Ct. App. 2016).

¶ 12    The State filed a certificate of impairment providing that the denial of its motion to compel "prevents the [S]tate from introducing evidence from the defendant's cellphone and effectively suppresses that evidence." The State surmised the phone could contain "actual evidence" of Spicer's intent to distribute. According to Moseley, this actual evidence could be GPS and map applications, which, in his experience, were commonly used by drug dealers to further their trade. The State determined that the evidence it believes exists on the phone was critical to prosecuting Spicer. According to the State, the court's denial of its motion to compel served to prevent it from presenting evidence to the finder of fact. It is not the role of the reviewing court to second-guess the State's assessment that the trial court's order suppresses evidence. We reject Spicer's claim that the order did not suppress evidence and find that the State's appeal was proper under Rule 604(a)(1) and we have jurisdiction to decide it.

¶ 13    The other issue the State raises on appeal is whether the trial court erred when it denied the State's motion to compel. The State argues that the fifth amendment's privilege against self-incrimination does not protect Spicer from being compelled to provide the passcode to unlock his legally seized cell phone and submits the trial court erred in denying its motion to compel.

¶ 14    A person cannot be compelled to testify against himself in a criminal case. U.S. Const., amend. V. The fifth amendment applies when the defendant is compelled to make a

testimonial communication that incriminates himself. *Fisher v. United States*, 425 U.S. 391, 408 (1976). For the fifth amendment privilege to apply, " 'a communication must be testimonial, incriminating, and compelled.' " *People v. Haleas*, 404 Ill. App. 3d 668, 672 (2010) (quoting *Hiibel v. Sixth Judicial District Court of Nevada, Humboldt County*, 542 U.S. 177, 189 (2004)). An act of production is testimonial when the government compels the defendant "to make extensive use of 'the contents of his own mind' " to communicate a statement of fact. *United States v. Hubbell*, 530 U.S. 27, 43 (2000). We review *de novo* whether a privilege applies. *People v. McRae*, 2011 IL App (2d) 090798, ¶ 25.

¶ 15 The foregone conclusion doctrine is an exception to the fifth amendment privilege. *Fisher*, 425 U.S. at 411. Per the doctrine, where the existence, location, and authenticity of the evidence is a foregone conclusion, that is, it "adds little or nothing to the sum total of the Government's information," the fifth amendment does not protect the act of production. *Id.* The exception applies when the State demonstrates with "reasonable particularity" that, when it sought the act of production, the State knew the evidence existed, the evidence was in the defendant's possession, and it was authentic. *United States v. Greenfield*, 831 F.3d 106, 116 (2d Cir. 2016).

¶ 16 Illinois courts have not decided whether compelling a defendant to provide his passcode is testimonial. Courts from foreign jurisdictions are split on the issue. Some courts consider that the act of producing the passcode is testimonial, as it requires the use of the defendant's mind and cannot be compelled as violative of the defendant's fifth amendment rights. See *United States v. Kirschner*, 823 F. Supp. 2d 665, 669 (E.D. Mich. 2010) (defendant's passcode constituted testimony, which the government could not compel defendant to reveal); *In re Grand Jury Subpoena Duces Tecum Dated March 25, 2011*, 670 F.3d 1335, 1346 (11th Cir. 2012) (providing passcode for hard drives was testimonial because it would require the defendant to use the contents of his mind); *In re Search Warrant Application for [Redacted Text]*, 279 F. Supp. 3d 800, 806 (N.D. Ill. 2017) (person cannot be compelled to reveal his passcode).

¶ 17 Other courts have determined that disclosing a passcode is not testimonial, as it falls under the foregone conclusion exception and is not protected by the fifth amendment privilege. See *Commonwealth v. Gelfgatt*, 11 N.E.3d 605, 615-16 (Mass. 2014) (facts conveyed by disclosing passcode were foregone conclusion and not protected by the fifth amendment); *Commonwealth v. Davis*, 176 A.3d 869, 875-76 (Pa. Super. Ct. 2017) (act of providing passcode is not testimonial); *Stahl*, 206 So. 3d at 136-37 (foregone conclusion that defendant could supply passcode); *United States v. Fricosu*, 841 F. Supp. 2d 1232, 1237 (D. Colo. 2012) (same).

¶ 18 On appeal, the State sought and was granted leave to add authority, arguing the decision in *Eunjoo Seo v. State*, 109 N.E.3d 418 (Ind. Ct. App. 2018), supported its argument. That decision has recently been vacated and the case transferred to the Indiana Supreme Court, where it was scheduled for oral argument. See *Eunjoo Seo v. State*, 112 N.E.3d 1082 (Ind. 2018). As such, we will not consider the case in reaching our decision.

¶ 19 Spicer sought and was allowed to cite *G.A.Q.L. v. State*, 257 So. 3d 1058 (Fla. Dist. Ct. App. 2018) as additional authority. In *G.A.Q.L.*, the State of Florida sought to compel the driver involved in a fatal car accident to reveal the passcodes to access his phone and to his iTunes account, which was needed to update the phone. *Id.* at 1060. The trial court granted the motions to compel, and the driver sought to quash the order. *Id.* The reviewing court first

determined that forcing a person to reveal his passcode was testimonial and could be violative of the person's fifth amendment rights. *Id.* at 1061-62. The court reasoned that forcing a person to reveal a passcode results in " 'implied factual statements' " and necessitates use of the mind not to "obtain[ ] the decryption for its own sake, but for the purpose of obtaining the files protected by the encryption." *Id.* at 1062 (quoting *In re Grand Jury Subpoena*, 670 F.3d at 1346). Noting the State was not seeking the passcode itself but the information unlocked by the passcode, the court found the defendant was required to use his mind and demonstrate the factual basis that he could access his phone. *Id.* Accordingly, the court considered the requested information to be testimonial and protected by the fifth amendment. *Id.* at 1062-63.

¶ 20    Having found that revealing the passcode was testimonial, the *G.A.Q.L.* court proceeded to determine whether the foregone conclusion exception to the fifth amendment's protections applied. *Id.* at 1063. In finding the exclusion was inapplicable, the court found that Florida failed to provide reasonable particularity concerning the information it was seeking. *Id.* at 1064. The court concluded that it was "not enough for the state to infer that evidence exists—it must identify what evidence lies beyond the passcode wall with reasonable particularity." *Id.* In reaching its decision, the *G.A.Q.L.* court focused on the contents within the phone, not the passcode needed to access the data. *Id.* at 1065.

¶ 21    We find *G.A.Q.L.* persuasive and well reasoned and follow its dictates. Here, the State is not seeking the passcode *per se* but the information it will decrypt. The cases that declare the passcode to be a nontestimonial communication operate under the framework that the passcode is the testimonial communication and that it falls under the foregone conclusion exception to the fifth amendment privilege. We consider that the proper focus is not on the passcode but on the information the passcode protects. The State claims it sustained its burden of proving with reasonable particularity that it knew the passcode existed, that Spicer knew the passcode, and that it would be authenticated by entering it into Spicer's phone. However, what the State actually needed to establish with reasonable particularity was the contents of the phone, which it did not do.

¶ 22    The State does not know what information might be on Spicer's phone but surmises that cell phones are often used in unlawful drug distribution and such information would be available on Spicer's phone. The State has not provided a particularized description of that information or even evidence that any useful information exists on the phone. The State sought and was granted in the search warrant access to most of the information in Spicer's phone, including call logs, text messages, multimedia messages, instant messaging communications, voicemail, e-mail, all messaging applications, phonebook contacts, videos, photographs, Internet browsing, and mapping history and GPS data between May 24 and June 24, 2017. The State does not identify any documents or specific information it seeks with reasonable particularity. The State is engaging in a fishing expedition, and the foregone conclusion exception does not apply here.

¶ 23    Even if we were to conclude that the foregone conclusion exception properly focuses on the passcode, the State did not and could not satisfy the requirements for the foregone conclusion exception. While the State is aware that the passcode existed and that Spicer knew it, the State could not know that the passcode was authentic until after it was used to decrypt Spicer's phone. Moreover, the production of Spicer's passcode would provide the State more information than what it already knew. Although the focus of the foregone

conclusion is on the passcode, in our view, it properly should be placed on the information the State is ultimately seeking, which is not the passcode but everything on Spicer's phone. We find that requiring Spicer to provide his passcode implicates his fifth amendment right against self-incrimination and the trial court did not err in denying the State's motion to compel.

¶ 24                                    CONCLUSION

¶ 25        For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

¶ 26        Affirmed.