No. 2--06--0580      Filed:  5-2-07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos.  05--CF--321 05--CF--440 05--CF--804 |
| FRED W. RESNICK, | ) ) | |
| Defendant-Appellant | ) ) | Honorable George Bridges, |
| (Howard Garber, Appellant). | ) | Judge, Presiding. |

JUSTICE CALLUM delivered the opinion of the court:

Fred Resnick and Howard Garber appeal the trial court's order applying Resnick's bail bond to his restitution.  They contend that the bond money should have been returned to Garber, who was the bond surety.  We affirm.

I. BACKGROUND

After his home repair business failed, Resnick was charged in six indictments in Lake County with home repair fraud and theft.  Garber, Resnick's brother-in-law, provided the money for Resnick's bail bond.  Resnick was also charged in Cook and Kane Counties, and Garber paid his bond in those cases as well.  Garber signed a form that included a notice to persons providing bail that stated in part: "I understand that the Court may, at its discretion, order any or all of the bail bond

deposited to be used for fines, attorney's fees, costs, fees, or restitution at the time of sentencing without regard to prior assignments."

In July 2005, Resnick was convicted in case number 05--CF--804. He remained free on bond until January 2006, when he was convicted in a case in Cook County. There is no dispute that at all times, he was in compliance with the conditions of his bonds.

As the result of plea negotiations in case number 05--CF--804, Resnick withdrew posttrial motions and agreed to plead guilty in case numbers 05--CF--321 and 05--CF--440. In return, the State dismissed three other cases against him. As part of the plea bargain, he was sentenced to three years in prison and ordered to pay restitution.

Resnick was in custody at the time of the pleas, and his attorney requested that his bail bond be released to Garber as the surety for the bond. The State objected and requested that the funds be applied toward the restitution order. The trial court denied Resnick's motion to release the funds to Garber, but continued the matter to determine the appropriate distribution of the bond. The State filed a memo informing the court that three other trial courts returned bond money paid by Garber, which left only $20,000 available for restitution. Resnick moved for reconsideration, arguing in part that the money was needed to cover his legal fees. Garber appeared and requested that the funds be returned to him. The bankruptcy trustee in the matter of Resnick's failed business also requested the funds.

The trial court denied the motion to reconsider, holding that third parties who post cash bonds have no greater claim to the funds when the court orders restitution than they do when it imposes a fine and court costs. The court then ordered distribution of the bond as restitution. Resnick and Garber appeal. The trial court stayed its order pending resolution on appeal.

## II. ANALYSIS

Resnick and Garber argue that under Illinois case law and section 110--7 of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/110--7 (West 2004)), it was improper for the trial court to apply the bond funds to pay restitution. In particular, they argue that there is no statutory authority allowing the court to apply the bond to the restitution award.

This appeal generally involves statutory interpretation. Issues of statutory interpretation are questions of law that we review de novo. Krautsack v. Anderson, 223 Ill. 2d 541, 553 (2006).

The cardinal rule of statutory construction is to give effect to the intent of the legislature. Krautsack, 223 Ill. 2d at 552. The best evidence of this intent is the language of the statute, which must be given its plain and ordinary meaning. Krautsack, 223 Ill. 2d at 553. "In examining a statute, a court must give effect to the entire statutory scheme. Thus, words and phrases should not be construed in isolation; rather, they must be interpreted in light of other relevant portions of the statute." Krautsack, 223 Ill. 2d at 553.

Section 110--7(a) of the Code provides:

"The clerk of the court shall provide a space on each form for a person other than the accused who has provided the money for the posting of bail to so indicate and a space signed by an accused who has executed the bail bond indicating whether a person other than the accused has provided the money for the posting of bail. The form shall also include a written notice to such person who has provided the defendant with the money for the posting of bail indicating that the bail may be used to pay costs, attorney's fees, fines, or other purposes authorized by the court and if the defendant fails to comply with the conditions of the bail

bond, the court shall enter an order declaring the bail to be forfeited." 725 ILCS 5/110--7(a) (West 2004).

Section 110--7(f) of the Code also provides: "Bail bond deposited by or on behalf of a defendant in one case may be used, in the court's discretion, to satisfy financial obligations of that same defendant incurred in a different case due to a fine, court costs, restitution or fees of the defendant's attorney of record." 725 ILCS 5/110--7(f) (West 2004).

Finally, section 5--5--6(e) of the Code provides that when restitution is ordered, "[t]he court may require the defendant to apply the balance of the cash bond, after payment of court costs, and any fine that may be imposed to the payment of restitution." 730 ILCS 5/5--5--6(e) (West 2004). Use of the permissive "may" in this section indicates that the payment of restitution from a defendant's bail bond lies within the discretion of the trial court. People v. Fulkerson, 326 Ill. App. 3d 1124, 1126 (2002).

Section 5--5--6(e) plainly states that a bail bond may be used to pay restitution. Under section 110--7(f), a bond deposited on the defendant's behalf in one case may also be used in other cases to pay restitution. Section 110--7(a) requires notice to sureties that the bond may be used for "other purposes authorized by the court," and it is undisputed that Garber received the required notice. 725 ILCS 5/110--7(a) (West 2004). Thus, Resnick and Garber are incorrect in their arguments that there is no statutory authority for the trial court's order applying the bail bond to pay restitution. Instead, the plain language of the Code provides authorization for the trial court's action.

Resnick and Garber point to case law concerning the payment of attorney fees from bail bonds, arguing that the trial court could not order restitution paid from the bond without first

determining whether Resnick had the ability to pay. See, e.g., People v. Webb, 276 Ill. App. 3d 570 (1995). But those cases, which rely on section 113--3.1 of the Code, are not applicable here.

Section 113--3.1(a) provides that whenever a court appoints counsel to represent a defendant, the court may order the defendant to reimburse either the county or the state for the representation. 725 ILCS 5/113--3.1(a) (West 2004). Constitutional concerns about due process and the right of an indigent defendant to counsel prompted the legislature to amend section 113--3.1 to require a hearing and consideration of a defendant's ability to pay before a court orders reimbursement. See People v. Love, 177 Ill. 2d 550, 558-59 (1997). Section 113--3.1's required hearing and consideration of a defendant's ability to pay, however, clearly pertain to court-ordered reimbursement for representation fees, not restitution.

Moreover, section 113--3.1(c) provides that the court may, in its discretion, order that the reimbursement be paid from a bail bond. Likewise, while section 113--3.1(c) states that the court may give special consideration to the interests of relatives or other third parties who paid the bond on the defendant's behalf, the consideration to be given to third parties lies within the trial court's discretion. Love, 177 Ill. 2d at 564. In fact, the Fourth District, applying section 113--3.1, has indicated that third parties who post a cash bond do not have a greater claim to the bond funds when a court orders reimbursement for representation fees than they do when the court imposes a fine or an order of restitution. People v. Baker, 195 Ill. App. 3d 785, 793 (1990), rev'd on other grounds, Love, 177 Ill. 2d at 564. "[T]he people who post bond money on behalf of a defendant are volunteers; no one has ever been drafted into that position." (Emphasis in original.) Baker, 195 Ill. App. 3d at 793.

We find that the trial court did not err in ordering that the bond funds be used for payment of restitution. As one court, affirming the validity of a restitution order, indicated:

"[T]rial courts should concern themselves more with using cash bonds posted by defendants or their surrogates to pay restitution than with any interests of defendant or those surrogates regarding the cash posted. After all, we note that in the very case before us, there appears on defendant's bail bond form a notice entitled 'NOTICE TO PERSON POSTING BAIL BOND,' that reads, in pertinent part as follows:

'Any sum deposited as money bond *** may be used in the court's discretion for the payment of *** restitution ***. Therefore, money posted by the defendant or by someone else on his/her behalf may, or may not be returned at the conclusion of the case.' " (Emphasis in original.) People v. Villanueva, 231 Ill. App. 3d 754, 761-62 (1992).

Here, Garber signed a similar form stating that the bond was subject to payment of restitution. The court held a hearing and was made aware of the facts that Garber paid the bond, that Garber had been refunded the amounts of the bonds in other cases, and that the remaining bond was likely the last source of funds for payment of restitution. The trial court possessed the statutory discretion to order that restitution be paid from the bond, regardless of who paid the bond. And, as the court was not ordering that the bond be used for reimbursement of appointed-counsel fees, it was not required to consider Resnick's ability to pay. Therefore, we find no abuse of discretion.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

O'MALLEY and BYRNE, JJ., concur.