No. 2--07--0220          Filed:  2-6-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Carroll County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) ) ) ) ) | Nos. 06--DT--52 06--TR--812 06--TR--813 06--CM--161 |
| COREY A. PIEPER, | ) ) | Honorable John F. Joyce, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE O'MALLEY delivered the opinion of the court:

The State appeals from an order granting the motion in limine of defendant, Corey A. Pieper, to exclude the result of a blood alcohol content (BAC) test administered to him after the Mt. Carroll police arrested him for driving under the influence (DUI) (625 ILCS 5/11--501(a)(2) (West 2006)). Citing section 11--501.8(f) of the Illinois Vehicle Code (Code) (625 ILCS 5/11--501.8(f) (West 2006)), defendant asserted that, because the police reported his BAC result to the Secretary of State under the provisions of the Code creating a summary driver's license suspension for any driver under age 21 with a BAC over 0.00 (see 625 ILCS 5/6--208.2, 11--501.8 (West 2006) (the zero-tolerance provisions)), the State was precluded from using the BAC result in a criminal prosecution. The court agreed and excluded the result. We hold that the reporting of a zero-tolerance violation is not

relevant to whether BAC testing has been done pursuant to section 11--501.1(a) (625 ILCS 5/11--501.1(a) (West 2006) (the general implied consent provision)) or section 11--501.8(a) and that section 11--501.8(f) works to exclude BAC results only when testing is done exclusively pursuant to section 11--501.8(a). As defendant did not show that his testing was under section 11--501.8(a), the exclusion was improper, and we therefore reverse the exclusion order and remand the cause.

Officer Dennis Asay of the Mt. Carroll police department arrested defendant for DUI on August 13, 2006. Defendant was under 21 at the time. Asay also ticketed defendant for illegal transportation of alcohol. The State later charged defendant with underage drinking (235 ILCS 5/6--20 (West 2006)).

In the resulting proceedings, defendant filed a motion in limine seeking to exclude under section 11--501.8(f) the result of the BAC test administered after his arrest. In the motion, defendant admitted that Asay had read him both the zero-tolerance (625 ILCS 5/11--501.8(c) (West 2006)) and general implied consent (625 ILCS 5/11--501.1(c) (West 2006)) warnings. He noted that the police had reported his BAC result to the Secretary of State as a zero-tolerance violation. He asserted that this reporting showed that his testing was pursuant to section 11--501.8(a) and that, under section 11--501.8(f), BAC results obtained under section 11--501.8(a) are inadmissible in criminal proceedings. At the hearing on the motion, the State was prepared to submit evidence of Asay's intent in giving the test, but the court decided that it could rule without hearing that evidence.

The trial court held that, by submitting a report to the Secretary of State under the zero-tolerance provisions, Asay had effectively elected to test defendant under section 11--501.8(a), and the inadmissibility rule of section 11--501.8(f) therefore applied. Its oral comments suggest that it believed that a BAC test reported under the zero-tolerance provisions necessarily must have been

conducted under section 11--501.8(a) rather than section 11--501.1(a). The State filed a certificate of impairment and appealed under Supreme Court Rule 604(a)(1) (210 Ill. 2d R. 604(a)(1)). It now argues that the trial court misinterpreted section 11--501.8. Defendant contends that the court's interpretation was correct, but also argues that this appeal is not proper under Rule 604(a)(1). We consider first why the appeal is proper and then explain why section 11--501.8(f) did not make defendant's BAC result inadmissible.

Defendant claims that this appeal is not proper under Rule 604(a)(1) because the ruling at issue here was a simple evidentiary ruling, rather than one suppressing evidence, and because the evidence was not necessary for the State's case. He is wrong on both points. First, although Rule 604(a)(1) provides for "appeal *** from an order or judgment the substantive effect of which results in *** suppressing evidence" (210 Ill. 2d R. 604(a)(1)), the supreme court has held that, "[f]or the purposes *** of Rule 604(a)(1), there is no substantive distinction between evidence that is 'excluded' and evidence that is 'suppressed.' " People v. Drum, 194 Ill. 2d 485, 491 (2000). The court thus permitted the State's appeal under Rule 604(a)(1) of an order excluding certain evidence as not falling within the residual hearsay exception. Drum, 194 Ill. 2d at 491-92. Under the rule in Drum, the order here was appealable regardless of whether it was a suppression order or merely evidentiary. Second, contrary to what defendant suggests, this court cannot second-guess the State's certificate of impairment by considering whether excluded evidence was necessary to the State's case. People v. Young, 82 Ill. 2d 234, 247 (1980). The State's certificate here is thus sufficient to establish the impairment of its case, despite the possibility that other evidence could substitute for the BAC result.

Before turning to the substance of this case, we consider the applicable standard of review. The State asserts that the issue is one of statutory interpretation and that we therefore review the

matter <u>de</u> <u>novo</u>.  Defendant asserts that, as this was an evidentiary ruling by the trial court, we can reverse only if the trial court abused its discretion.  "The determination of whether evidence is relevant and admissible is a matter within the discretion of the trial court, and we will not reverse such a determination unless the trial court abuses that discretion."  <u>People v. Turner</u>, 373 Ill. App. 3d 121, 124 (2007).  "However, ' "[a trial] court *** abuses its discretion when it makes an error of law." ' " <u>Turner</u>, 373 Ill. App. 3d at 124, quoting <u>Najas Cortés v. Orion Securities, Inc.</u>, 362 Ill. App. 3d 1043, 1047 (2005), quoting <u>Koon v. United States</u>, 518 U.S. 81, 100, 135 L. Ed. 2d 392, 414, 116 S. Ct. 2035, 2047 (1996).  Here, whether the court was correct to exclude the BAC result depends entirely on whether it understood the law, and in particular section 11--501.8, correctly.  This is a question of the correctness of the court's statutory interpretation, a matter that we review <u>de novo</u>, as the State correctly asserts.  See <u>People v. Resnick</u>, 373 Ill. App. 3d 163, 164 (2007).

We now review the relevant statutory provisions as a preface to our consideration of the admissibility of defendant's BAC result.  In summary, section 11--501.8(f) is silent as to the admissibility of BAC results obtained under section 11--501.1(a) (the general implied consent provision), but reported as zero-tolerance violations per the mandate of section 11--501.8(d).  However, section 11--501.1(c) makes such results admissible.

Section 11--501.8(a) provides for the implied consent to BAC testing of a driver under 21 arrested for any Code offense if the arresting officer has probable cause to believe that the driver has been drinking:

> "A person who is less than 21 years of age and who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent to a chemical test or tests of blood, breath, or urine for the purpose of

determining the alcohol content of the person's blood if arrested, as evidenced by the issuance of a Uniform Traffic Ticket <u>for any violation of the Illinois Vehicle Code or a similar provision of a local ordinance, if a police officer has probable cause to believe that the driver has consumed any amount of an alcoholic beverage</u> based upon evidence of the driver's physical condition or other first hand knowledge of the police officer." (Emphasis added.) 625 ILCS 5/11--501.8(a) (West 2006).

Section 11--501.8(f) limits the admissibility of results of BAC testing done pursuant to section 11--501.8(a):

"The results of any chemical testing performed in accordance with subsection (a) of this Section are not admissible in any civil or criminal proceeding, except that the results of the testing may be considered at a hearing held under Section 2--118 of this Code [concerning rescission of the summary suspension]. However, the results of the testing may not be used to impose driver's license sanctions under Section 11--501.1 of this Code [the general implied consent provision]. A law enforcement officer may, however, pursue a statutory summary suspension of driving privileges under Section 11--501.1 of this Code if other physical evidence or first hand knowledge forms the basis of that suspension." 625 ILCS 5/11--501.8(f) (West 2006).

The last relevant portion of section 11--501.8 is section 11--501.8(d), which mandates disclosure of BAC results over 0.00 of drivers under 21, while recognizing that some drivers under 21 may have been tested under section 11--501.1(a):

"If the person refuses testing or submits to a test that discloses an alcohol concentration of more than 0.00, the law enforcement officer shall immediately submit a

sworn report to the Secretary of State on a form prescribed by the Secretary of State, certifying that the test or tests were requested under subsection (a) and the person refused to submit to a test or tests or submitted to testing which disclosed an alcohol concentration of more than 0.00. The law enforcement officer shall submit the same sworn report when a person under the age of 21 submits to testing under Section 11--501.1 of this Code and the testing discloses an alcohol concentration of more than 0.00 and less than 0.08.

Upon receipt of the sworn report of a law enforcement officer, the Secretary of State shall enter the driver's license sanction on the individual's driving record and the sanctions shall be effective on the 46th day following the date notice of the sanction was given to the person." (Emphasis added.) 625 ILCS 5/11--501.8(d) (West 2006).

Because section 11--501.8 refers to section 11--501.1, the terms of that section are also plainly relevant to our analysis. The whole of section 11--501.1 applies to all drivers arrested for DUI:

"Any person who drives or is in actual physical control of a motor vehicle upon the public highways of this State shall be deemed to have given consent, subject to the provisions of Section 11--501.2, to a chemical test or tests of blood, breath, or urine for the purpose of determining the content of alcohol, other drug or drugs, or intoxicating compound or compounds or any combination thereof in the person's blood if arrested, as evidenced by the issuance of a Uniform Traffic Ticket, for any offense as defined in Section 11--501 [the section creating the offense of DUI] or a similar provision of a local ordinance, or if arrested for violating Section 11--401 [concerning motor vehicle accidents involving death or personal injury]." (Emphasis added.) 625 ILCS 5/11--501.1(a) (West 2006).

Section 11--501.1(c) explicitly recognizes that drivers under 21 may be subject to section 11--501.1(a), and it further provides that BAC test results of drivers under 21 tested under section 11--501.1(a) are admissible in related criminal prosecutions:

"A person who is under the age of 21 at the time the person is requested to submit to a test as provided above shall, in addition to the warnings provided for in this Section, be further warned by the law enforcement officer requesting the test that if the person submits to the test or tests provided in paragraph (a) of this Section and the alcohol concentration in the person's blood or breath is greater than 0.00 and less than 0.08, a suspension of the person's privilege to operate a motor vehicle, as provided under Sections 6--208.2 [setting the zero-tolerance periods of driver's license suspensions] and 11--501.8 of this Code, will be imposed. The results of this test shall be admissible in a civil or criminal action or proceeding arising from an arrest for an offense as defined in Section 11--501 of this Code or a similar provision of a local ordinance or pursuant to Section 11--501.4 in prosecutions for reckless homicide brought under the Criminal Code of 1961. These test results, however, shall be admissible only in actions or proceedings directly related to the incident upon which the test request was made." 625 ILCS 5/11--501.1(c) (West 2006).

Sections 11--501.1(d) and (e) provide for the summary suspension of the driver's license of anyone who refuses testing under section 11--501.1(a) or who, after allowing testing under that section, shows a BAC of at least 0.08. 625 ILCS 5/11--501.1(d), (e) (West 2006).

With these provisions as background, we can follow what happens when a driver under 21 is arrested for DUI and has a BAC over 0.00 and less than 0.08. Section 11--501.1(a) makes no age distinctions in who must submit to testing; a driver under 21 can be tested under that section.

Pursuant to section 11--501.1(c), before a driver under 21 is tested under section 11--501.1(a), he or she must be warned of the possibility of both the general summary suspension and the zero-tolerance summary suspension. Section 11--501.1(c) specifically states that, for a test under section 11--501.1(a), a BAC result between 0.00 and 0.08 of a driver under 21 can be used "in actions or proceedings directly related to the incident upon which the test request was made." 625 ILCS 5/11--501.1(c) (West 2006). Finally, section 11--501.8(d) mandates that a BAC result between 0.00 and 0.08 of a driver under 21 be reported to the Secretary of State for a zero-tolerance summary suspension, whatever the section under which the driver was tested. To be sure, when a driver under 21 is arrested for DUI, he or she is also subject to testing under section 11--501.8(a); if probable cause exists for a DUI arrest, then the arresting officer must also have probable cause to believe that the driver has been drinking.[1] However, we cannot see any reason that, on a proper DUI arrest, an officer would choose to test under section 11--501.8(a).

When a driver under 21 is arrested for any Code offense, and probable cause exists to think that he or she has been drinking, then he or she is subject to testing under section 11--501.8(a). Pursuant to section 11--501.8(c), before he or she is tested under section 11--501.8(a), he or she must be warned that a BAC over 0.00 will result in a zero-tolerance driver's license suspension. Pursuant to section 11--501.8(f), BAC results obtained under section 11--501.8(a) are inadmissible in any proceedings other than summary suspension rescission hearings. Just as BAC results between 0.00 and 0.08 of under-21 drivers tested under section 11--501.1(a) must be reported to the Secretary

---

[1]This discussion assumes that the evidence suggests that the intoxicant involved in the offense is alcohol.

of State pursuant to section 11--501.8(d), over-0.00 results of drivers tested under section 11--501.8(a) must be reported to the Secretary of State pursuant to section 11--501.8(d).

As this summary shows, the admissibility of a BAC result depends on whether the test was conducted under section 11--501.1(a) or section 11--501.8(a). The trial court apparently concluded that it could decide which section the police applied by noting whether the police reported the result to the Secretary of State as a zero-tolerance violation. That was an error. Nothing in either section suggests that reporting determines the section under which testing was done. Indeed, section 11--501.8(d) mandates that the police report the result as a zero-tolerance violation, regardless of whether the testing was done under section 11--501.1(a) or section 11--501.8(a). Using reporting to trigger inadmissibility under section 11--501.8(f) would thus nullify the part of section 11--501.1(c) that makes BAC results between 0.00 and 0.08 of drivers under 21 admissible when obtained under section 11--501.1(a).

We note that section 11--501.1(c) does not nullify section 11--501.8(f), even on the assumption that police will always test under section 11--501.1(a) when possible. Sections 11--501.1(a) and 11--501.8(a) apply in different, albeit overlapping, situations. Section 11--501.1(a) applies only when a driver has been arrested for a section 11--501 offense (DUI) or a section 11--401 offense (a motor vehicle accident involving death or personal injury). Section 11--501.8(a) applies when a driver is under 21, the driver has been arrested for any offense under the Code, and the arresting officer has probable cause to believe that the driver has been drinking. The circumstances in which section 11--501.8 alone applies are thus limited, but real. For example, a driver under 21 could show no sign of intoxication when arrested for a traffic offense, but be in possession of an

open, half-empty, can of beer. Such a driver would be subject to testing under section 11--501.8(a) only, and the exclusions of section 11--501.8(f) would apply to the driver's BAC result.

Defendant argues that section 11--501.8(c) is ambiguous and that we should therefore apply the rule of lenity to interpret the statute in his favor. He also argues that, because sections 11--501.1 and 11--501.8 are separate enactments, we should not read them together. As we now discuss, (1) the rule of lenity is inapplicable here, and (2) the relevant portions of the provisions are part of the same enactment and thus should be read together.

The rule of lenity is a canon of statutory construction that requires that "penal statutes, where ambiguous, *** be construed to afford lenity to the accused." People v. Hicks, 164 Ill. 2d 218, 222 (1995). The rule is inapplicable here because section 11--501.8 is not ambiguous. Section 11--501.8(f) bars most uses of BAC results when testing is under section 11--501.8(a), but it does not specify the allowed uses of BAC results when drivers under 21 are tested under section 11--501.1(a) and the results are between 0.00 and 0.08. That omission is no ambiguity. Nothing in the section can be reasonably read to suggest that a section 11--501.1(a) test result becomes a section 11--501.8(a) test result because the driver is a person subject to zero tolerance. Section 11--501.8 provides no rule about the admissibility of BAC results obtained under section 11--501.1(a). For such a rule, one needs to read section 11--501.1(c).

Defendant argues that we should not construe sections 11--501.1 and 11--501.8 together because they are separate enactments on separate subjects. As we have just discussed, we do not need section 11--501.1 to conclude that the exclusion created by section 11--501.8(f) is inapplicable to BAC results obtained under section 11--501.1(a). However, we note that defendant is wrong about the relationship between the sections. Section 11--501.8, including section 11--501.8(f), was

created by Public Act 88--588 (Pub. Act 88--588, §5, eff. January 1, 1995). The portion of section 11--501.1(c) that deals with the admissibility of BAC results between 0.00 and 0.08 of drivers under 21 was created by the same act. Pub. Act 88--588, §5, eff. January 1, 1995. The legislature, in assembling the act, thus saw that section 11--501.8(f) had left open the question of the admissibility of BAC results between 0.00 and 0.08 of drivers under 21 obtained under section 11--501.1(a), and answered that question in the amended section 11--501.1(c).

We hold, therefore, that the reporting of a zero-tolerance violation is irrelevant to whether the BAC testing was done pursuant to section 11--501.1(a) and thus to whether the test result is admissible in a DUI prosecution by force of section 11--501.1(c). If the test was connected to an arrest for DUI and the arrestee was warned in accordance with section 11--501.1(c), then the test will be deemed administered under section 11--501.1(a), even if the arrestee was also eligible for testing under section 11--501.8(a). In those situations where sections 11--501.1(a) and 11--501.8(a) overlap, testing may be conducted under both provisions, but, pursuant to section 11--501.1(c), the result is admissible in a prosecution for DUI.

Defendant was subject to testing under section 11--501.1(a) as a DUI arrestee, and he admits the police gave him the warnings required by section 11--501.1(c) as a driver under 21. He thus met the statutory requirements for testing under section 11--501.1(a). The only evidence he claimed for the police having tested him under section 11--501.8(a) was the reporting of his BAC result as a zero-tolerance violation. But, as we have seen, because section 11--501.8(d) mandates reporting of results under both sections 11--501.1(a) and 11--501.8(a), reporting is not an indication of testing under section 11--501.8(a). The trial court's grant of defendant's motion to exclude was thus improper.

For the reasons given, we reverse the order of the circuit court of Carroll County, and we remand the cause.

Reversed and remanded.

BYRNE, P.J., and GROMETER, J., concur.